STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. GREGORY FARINICH, DEFENDANT-APPELLANT.

STATE OF NEW JERSEY, PLAINTIFF, v. JAMES VOREL, DEFENDANT.

Argued May 4, 1982—Decided May 27, 1982.

*Gerald P. Boswell*, Assistant Deputy Public Defender, argued the cause for appellant (*Stanley C. Van Ness*, Public Defender, attorney).

*Leslie Stolbof Sinemus*, Assistant Essex County Prosecutor, argued the cause for respondent (*Irwin I. Kimmelman*, Attorney General of New Jersey, attorney; *George L. Schneider*, Essex County Prosecutor, of counsel).

PER CURIAM.

Defendant Gregory Farinich and a co-defendant pleaded guilty to charges of possession of marijuana with intent to distribute. The trial court denied their motion to suppress the evidence against them. On appeal, the Appellate Division affirmed the convictions and held the evidence admissible. Judge Antell dissented on the grounds that search was unconstitutional. *State v. Farinich*, 179 *N.J.Super.* 1 (1981).

Defendant Farinich appealed to this Court as of right on the issue that provoked the dissent. *R.* 2:2–1(a)(2). In addition, he sought certification on the issues not covered by the dissent. *Gilborges v. Wallace,* 78 *N.J.* 342, 349 (1978). The petition for certification was denied. 88 *N.J.* 497 (1981).

The questions remaining before the Court are whether defendant voluntarily abandoned the property searched by the police and whether such abandonment permitted the police to search the property without a warrant. On those issues, we affirm the judgment of the Appellate Division substantially for the reasons expressed in the majority opinion below.

CLIFFORD, J., dissenting.

I am in general agreement with Judge Antell's dissenting opinion, *State v. Farinich,* 179 *N.J.Super.* 1, 7 (App.Div.1981) (Antell, J.A.D., dissenting), and therefore vote to reverse—this despite my reservations about the requirements of the dissent below that (a) before abandonment can be found, there must be a disavowal of ownership or possession by defendant, 179 *N.J. Super.* at 8 and (b) proof of voluntariness of an abandonment (the State's burden) requires "proof that defendant knew he had a right to refuse the police permission to search the suitcase and that he had a legally protected right of privacy therein." 179 *N.J.Super.* at 13.

For affirmance—Chief Justice WILENTZ and Justices PASHMAN, SCHREIBER, HANDLER, POLLOCK and O'HERN—6.

For reversal—Justice CLIFFORD—1.