265 N.J. Super. 358 (1993)
627 A.2d 174
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
STANLEY TUCKER, JR., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 3, 1993.
Decided June 28, 1993.
*359 Before Judges GAULKIN, HAVEY and BROCHIN.
Frank J. Pugliese, Assistant Deputy Public Defender, argued the cause for appellant (Zulima V. Farber, Public Defender, attorney).
Teresa A. Blair, Deputy Attorney General, argued the cause for respondent (Robert J. Del Tufo, Attorney General, attorney).
The opinion of the court was delivered by GAULKIN, P.J.A.D.
Following the denial of his motion to suppress evidence, defendant pled guilty to possession of cocaine with intent to distribute (N.J.S.A. 2C:35-5a(1), -5b(3)) and was sentenced to a three-year probationary term. He now appeals from the judgment, urging error only in the denial of the suppression motion. R. 3:5-7(d). We reverse.
The stipulated facts on the suppression motion were that Trenton Police Officer McMillan, driving a police vehicle on Stuyvesant *360 Avenue, saw defendant and another person sitting on the curb at the rear of 322 Rutherford Avenue, one of them drinking from a brown paper bag. When defendant saw the police vehicle, he "quickly got up, turned, and started running through the yard of 322 Rutherford Avenue." McMillan radioed to other officers who were patrolling on East Rutherford Avenue. When defendant saw the officers on Rutherford Avenue, he ran back "towards Officer McMillan at the rear of 322 Rutherford." As he ran past the rear portion of the home, he tossed a clear plastic bag into "the opening of the porch." At that point McMillan "was able to stop the defendant." McMillan retrieved the plastic bag, which was found to contain crack cocaine.
The police may pursue and stop a person upon a reasonable and articulable suspicion of criminal activity. State v. Doss, 254 N.J. Super. 122, 603 A.2d 102 (App.Div.), certif. denied, 130 N.J. 17, 611 A.2d 655 (1992). But "it would not be appropriate for the police to engage in an intrusive chase after someone without at least an `articulable suspicion' that he was or had been engaged in the commission of a criminal offense." Id. at 128 n. 2, 603 A.2d 102. Here the only ostensible basis for McMillan to have pursued defendant was that defendant had inexplicably fled when he saw the police van. But flight from the police does not alone create a reasonable suspicion of criminal conduct. See State v. Farinich, 179 N.J. Super. 1, 5, 430 A.2d 233 (App.Div. 1981), aff'd 89 N.J. 378, 446 A.2d 120 (1982). And what this record does not show is also highly persuasive: no observed criminal activity; no particularized suspicious conduct, such as the possession of suspicious packages or the exchanging of money; no reports of recent nearby crimes; no descriptions of recent crime suspects; no nearby potential or victims of crimes; no nearby vehicle matching a description of a vehicle involved in a recent crime, or the like. See State v. Kuhn, 213 N.J. Super. 275, 280, 517 A.2d 162 (App.Div. 1986).
In sum, the record shows no sufficient basis for the police to have pursued defendant. The contraband jettisoned by defendant in response to the improper police conduct thus should have been *361 suppressed. See, e.g., United States v. Wilson, 953 F.2d 116 (4th Cir.1991); State v. Lemmon, 318 Md. 365, 568 A.2d 48 (1990); Hawkins v. State, 758 S.W.2d 255 (Tex. Crim. App. 1988); People v. Shabaz, 424 Mich. 42, 378 N.W.2d 451 (1985); Commonwealth v. Barnett, 484 Pa. 211, 398 A.2d 1019 (1979).
The order denying the motion to suppress is reversed, as is the ensuing judgment of conviction. The matter is remanded to the Law Division for further proceedings consistent with this opinion.