662 A.2d 1038

STATE OF NEW JERSEY, PLAINTIFF, v.
MOHAMMAD ALLAN, DEFENDANT.

Superior Court of New Jersey
Law Division Passaic County

Argued and Submitted March 16, 1995—Decided May 31, 1995.

*Robert J. Giordano,* argued the cause for defendant.

*Lisa R. Squitieri,* Assistant Prosecutor, for plaintiff. (*Ronald S. Fava,* Passaic County Prosecutor, attorney).

ROTHENBERG, J.S.C.

This matter comes before this court by way of appeal from the defendant Mohammad Allan's convictions in the Municipal Court of Clifton. The defendant was convicted of obstructing the administration of law, in violation of 2C:29–1a, driving under the influence of alcohol, in violation of *N.J.S.A.* 39:4–50, and making an illegal left turn, in violation of *N.J.S.A.* 39:4–124. A motion to suppress was heard on July 28, 1994, and there were subsequent trial dates on September 28, 1994, October 6, 1994, November 23, 1994, and November 30, 1994.

The incident which gave rise to these charges occurred on February 8, 1994, when Passaic County Sheriff's Officer Michael Bove observed a 1985 red Mitsubishi on Clifton Avenue in Clifton, New Jersey, make an illegal left turn onto Main Street. Officer Bove observed the same vehicle make another left on Madison Avenue and stopped the vehicle. The officer approached the vehicle and detected an odor of alcohol on the driver's breath but

did not believe at that point that the driver was intoxicated. Officer Bove requested the driver's credentials, instructed the driver to remain in his vehicle, and brought the credentials back to his patrol car. The driver's license belonged to the defendant, Mohammad Allan, but the vehicle was not registered in the defendant's name. Officer Bove then proceeded to run a motor vehicle check via radio. As Officer Bove was running the motor vehicle check, he observed the defendant exit his vehicle and flee the scene through a nearby yard. Officer Bove notified headquarters that he was pursuing the defendant on foot and requested back up. He further advised that the Clifton Police Department should be notified.

After a search of the area, Officer Borroughs of the Clifton Police Department apprehended the defendant in a nearby yard. He brought the defendant back to the place of the initial stop where Officer Bove identified the defendant as the driver of the vehicle. Officer Bove testified that as the defendant was "huffing and puffing" from the chase, he detected a strong odor of alcoholic beverage on his breath. He further testified that the defendant refused to perform field sobriety tests. Officer Bove administered Miranda warnings to the defendant and he was brought to headquarters. Sheriff's Officer Capizzi administered two breathalyzer tests which revealed blood alcohol levels of .11 percent and .12 percent.

Defense counsel made a motion to suppress any statements made by the defendant after the initial stop and also to suppress the results of the breathalyzer test. The motion was denied on July 28, 1994, by the trial judge. After the motion was denied, the trial judge requested that both counsel stipulate that the trial would resume from the point where Officer Bove's testimony in connection with the motion to suppress concluded. Defense counsel refused to stipulate and the trial judge indicated that at the next hearing date, the trial would commence from the beginning and the state would present its case in chief.

The trial was continued to September 28, 1994, because Officer Bove was unavailable to testify during the month of August. However, contrary to his prior ruling, the trial judge determined that the trial would commence from the point at which the testimony concluded in connection with the motion to suppress. Defense counsel objected and moved to have the trial start anew or have the trial judge recuse himself since he had heard the motion to suppress. The trial judge denied defense counsel's request for recusal and again ruled that the trial would resume from the point where Officer Bove concluded his testimony in connection with the motion to suppress. In addition, the trial judge prevented defense counsel from cross-examining Officer Bove as to any testimony presented during the suppression motion. The defendant was ultimately convicted of all charges on November 30, 1994, and he appeals his convictions.

The defendant raises two issues on appeal. First, the defendant argues that "there was no probable cause to arrest Mohammad Allan at the inception of the motor vehicle stop and, thus, defendant was free to leave the scene and any evidence obtained after his unlawful seizure must be suppressed."

Defense counsel cites *State v. Tucker*, 265 *N.J.Super.* 358, 627 *A.*2d 174 (App.Div.1993), which stands for the proposition that flight alone is insufficient to create a reasonable suspicion of criminal conduct. However, the instant case is clearly distinguishable from the *Tucker* case, since here the defendant's flight was coupled with a lawful motor vehicle stop. Officer Bove had probable cause to believe the defendant was violating a motor vehicle statute, namely making an illegal left turn. Therefore, Officer Bove was justified in stopping the defendant's motor vehicle and detaining the defendant in order to check his driver's license and vehicle registration. *Delaware v. Prouse*, 440 *U.S.* 648, 99 *S.Ct.* 1391, 59 *L.Ed.*2d 660 (1979).

The assertion that a person is free to flee during a motor vehicle stop to avoid apprehension for some other unlawful act that a police officer has yet to detect is wholly without merit.

Officer Bove had articulable suspicion that the defendant may have been engaged in unlawful activity because he fled the scene during a lawful motor vehicle stop. Pursuant to *Terry v. Ohio,* 392 *U.S.* 1, 88 *S.Ct.* 1868, 20 *L.Ed.*2d 889 (1968), the officer was justified in pursuing and detaining the suspect for questioning in connection with the suspected unlawful activity. After the defendant was apprehended, he was detained in order to further investigate the circumstances surrounding the motor vehicle stop and the defendant's subsequent flight. Probable cause arose when Officer Bove detected a strong odor of alcohol on the driver's breath and the driver refused to perform field sobriety tests. Thus, the trial court correctly found that there was probable cause to arrest the defendant and properly denied the defendant's motion to suppress his statements and the results of the breathalyzer tests.

Defense counsel's second argument is that "Defendant Mohammed Allan was denied a fair trial when the trial court determined that defendant was not entitled to a separate trial after the motion to suppress was denied."

Pursuant to *R.* 7:4–2(f), municipal courts may entertain suppression motions related to warrantless searches on matters within its trial jurisdiction. *See State v. Mazurek,* 237 *N.J.Super.* 231, 567 *A.*2d 277 (App.Div.1989). The municipal court must also conduct the trial on the underlying charges. This places the municipal court judge in the unique position of hearing the motion to suppress, which may contain evidence or testimony that might not be admissible at trial, then conducting the subsequent trial. In theory, the trial judge must accomplish this without considering the evidence presented in the motion to suppress. While this may be a difficult task, it is one that municipal court judges are expected to perform under *R.* 7:4–2(f).

In the instant case, the municipal court judge heard the motion to suppress pursuant to *R.* 7:4–2(f) which he properly denied. At the conclusion of the ruling on the motion to suppress, the trial judge stated:

> [W]hat has happened since I handled suppression motions for about five years now .. we usually proceed at that point with the State's case and there has never been an objection in doing that. So that it says you continue after the suppression motion, there's always been a stipulation that what's already transpired would be a part of the main case.... If you do not stipulate that, then we know the State will start all over again.

Defense counsel then refused to stipulate and the trial judge replied, "Alright, we'll have to start all over again."

However, when the trial resumed on September 28, 1994, the trial judge indicated that the State would not start anew with its case-in-chief. The trial judge, over the strenuous objections of defense counsel, indicated that the trial would continue with the testimony of Officer Bove, from the point where he had concluded in connection with the suppression motion which had been heard two months earlier. The trial judge also prevented defense counsel from cross-examining the witness as to any testimony which had been elicited during the suppression motion.

Ideally, the motion to suppress should be heard prior to trial, the trial judge should make a complete record of his or her findings, and the trial should start anew with the State's case in chief. This process simplifies the municipal court judge's task of separating the evidence presented during the suppression motion from the evidence presented at trial. It also protects the interests of the defendant who may elect not to testify at the trial although he may have testified at the suppression motion. The process of starting the trial anew after hearing the motion to suppress, which may contain much of the same testimony, is obviously more time consuming. Thus, in the interests of effective time management, some municipal courts may attempt to proceed directly into the trial on the substantive issues after the motion to suppress is heard and incorporate the relevant testimony into the trial.

In the instant case, a number of procedural problems were created by incorporating evidence adduced during the motion to suppress into the trial. First, both counsel were unaware that the motion to suppress proceeding would be incorporated into the trial. Thus, neither counsel had the opportunity to present their

respective cases appropriately. Furthermore, once the motion to suppress proceeding was incorporated into the trial, defense counsel was not permitted to cross-examine Officer Bove with respect to any testimony presented during that proceeding.

The Confrontation Clause of the Sixth Amendment to the Constitution provides: "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." In *California v. Green*, 399 *U.S.* 149, 90 *S.Ct.* 1930, 26 *L.Ed.*2d 489 (1970), the Supreme Court recognized that cross-examination is the "greatest legal engine ever invented for the discovery of truth." *Id.* at 158, 90 *S.Ct.* at 1935, (quoting *Wigmore on Evidence* § 1367 (3rd ed. 1940)). Cross-examination is "the principal means by which the believability of a witness and the truth of his testimony are tested." *Davis v. Alaska*, 415 *U.S.* 308, 316, 94 *S.Ct.* 1105, 1110, 39 *L.Ed.*2d 347 (1974).

██ By preventing defense counsel from cross-examining Officer Bove as to the testimony elicited during the motion to suppress hearing, without starting the trial anew, the trial judge infringed upon the defendant's constitutional right to confront the witnesses against him. The purpose of a motion to suppress is very limited and defense counsel may choose to cross-examine the witnesses only for that narrow purpose. To prohibit defense counsel from delving further into testimony elicited during the motion to suppress proceeding clearly denies the defendant a fair trial. Furthermore, the complications in this case are compounded by the fact that both counsel were unaware during the motion to suppress hearing that the trial judge intended to incorporate the testimony adduced into the actual trial. Finally, the motion to suppress proceeding concluded on July 28, 1994, and the trial was not resumed until September 28, 1994. Thus, two months elapsed between the suppression motion hearing and the trial and defense counsel was not permitted to re-open issues upon which he had previously cross-examined the witness during that hearing motion.

Although it appears that municipal courts may, as a matter of common practice, incorporate testimony from a motion to suppress

into the trial on the underlying charge, the Seminar on Motions to Suppress Evidence in the Municipal Courts Training Guide clearly advises against the practice. Judge Philip S. Carchman, in his address to Municipal Court Judges on June 30, 1989 (incorporated in the Municipal Courts Training Guide), stated that the motion to suppress and the trial

> are two separate proceedings. The standards that you would be applying are separate standards.... I think it's generally a good practice, given the different standards of proof which are required in these cases, that you separate out the motion to suppress and the issues on the motion to suppress from the issues on the trial.[1]

Clearly, the better practice is to completely separate the motion to suppress proceeding from the actual trial by starting the testimony anew with the State's case in chief. However, if both counsel stipulate that the testimony from the motion to suppress will be incorporated into the trial and counsel are given wide latitude in cross-examination in connection with the issues raised during the motion to suppress, such a practice may be permitted with caution.

In the instant case, since there was no stipulation and defense counsel was prohibited from cross-examining the witness as to testimony elicited during the motion to suppress hearings, the defendant's constitutional right to a fair trial was violated. In *State v. Budis*, 125 *N.J.* 519, 593 *A.*2d 784 (1991), the New Jersey Supreme Court recognized that "[c]oupled with the rights to compulsory process and to due process, the right of confrontation guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" *Id.* at 531, 593 *A.*2d 784. (quoting *Crane v. Kentucky*, 476 *U.S.* 683, 690, 106 *S.Ct.* 2142, 2146, 90 *L.Ed.*2d 636 (1986)). While the trial judge properly concluded that probable cause existed and denied the motion to suppress, the trial judge erred when he incorporated the testimony from the

---

[1] *See* SEMINAR: Motions to Suppress Evidence in the Municipal Courts: Training Guide. Administrative Office of the Courts Municipal Services Division, *Municipal Court Education Subcommittee on Vicinage Training*, Mercer Vicinage Seminar, June 30, 1989, p. 8.

motion to suppress into the trial without a stipulation and without allowing full cross-examination. Therefore, the defendant was denied a "meaningful opportunity to present a complete defense" and as a consequence was denied a fair trial. The constitutional rights of a defendant simply cannot be trampled upon in the interests of effective time management.

Accordingly, the denial of the motion to suppress is affirmed and the case is remanded for a new trial on the substantive charges in accordance with this opinion.