**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5356-14T4

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

MICHAEL ARNO,

      Defendant-Appellant.

_____

      Argued October 26, 2017 — Decided November 14, 2017

      Before Judges Simonelli, Haas and Rothstadt.

      On appeal from Superior Court of New Jersey,
      Law Division, Somerset County, Municipal
      Appeal No. 5-15.

      Timothy P. Kane argued the cause for appellant
      (Abdy & Kane, PC, attorneys; Mr. Kane, on the
      briefs).

      Rory A. Eaton, Assistant Prosecutor, argued
      the cause for respondent (Michael H.
      Robertson, Somerset County Prosecutor,
      attorney; Mr. Eaton, of counsel and on the
      brief).

PER CURIAM

    Defendant appeals from his conviction, after a trial de novo
in the Law Division, of driving while intoxicated (DWI), N.J.S.A.

39:4-50; refusal to submit to a chemical breath test, <u>N.J.S.A.</u> 39:4-50.2; and careless driving, <u>N.J.S.A.</u> 39:4-97.[1] We affirm.

The facts and procedural history of this case are set forth at length in Judge Kimarie Rahill's comprehensive twenty-six-page written decision and need not be repeated here in the same level of detail.

Officer Ryan Cerro observed defendant driving his car near the Somerville Circle at approximately 2:45 a.m. Defendant veered off into the left lane of travel and, although the speed limit was forty-fives mile per hour, defendant accelerated to approximately sixty miles per hour and then had trouble maintaining his lane. After defendant began driving even faster, Officer Cerro activated his overhead lights and executed a motor vehicle stop.

The officer detected the odor of alcohol emanating from defendant's car and on his breath. Defendant's eyes were watery, he appeared nervous, and his speech was boisterous in nature.

---

[1] Defendant does not challenge his sentence in this appeal. Following our April 26, 2016 order granting defendant a limited remand to the municipal court for resentencing, the municipal court sentenced defendant as a second offender on the DWI conviction to a two-year driver's license suspension, forty-eight hours at an Intoxicated Drivers Resource Center, the installation of an interlock device for one year, and appropriate fines and penalties. The Law Division had earlier affirmed the municipal court's imposition of a concurrent seven-month driver's license suspension for refusal, together with fines and penalties on that charge, as well as for the careless driving conviction.

Defendant admitted he had been drinking alcohol during the day, but believed he was fine to drive.

Officer Cerro had defendant perform two field sobriety tests, which he was unable to successfully complete.[2] Defendant's performance on these tests was recorded by the officer's mobile video recorder (MVR) and this recording was played at defendant's trial. After defendant failed the field sobriety tests, Officer Cerro arrested him, placed him in his patrol car, and drove to the police station. At the station, defendant refused to submit to a chemical breath test.

Officer Cerro was the State's only witness at the municipal court trial. After the State rested, defendant called two expert medical witnesses. One of the witnesses, a podiatrist, testified that he treated defendant for a "painful left big toe" both before and after his arrest and that this condition affected his ability to walk normally. A pulmonologist, who was also defendant's brother, testified that he diagnosed defendant with a bronchospasm two days before his arrest. The brother also stated that when he

_____

[2] On the "walk-and-turn" test, defendant needed to raise his arms to maintain his balance and failed to walk heel-to-toe as instructed. Defendant was also unable to perform the "one-leg-stand" test because he again needed to raise his arms to maintain his balance and could not keep his foot six inches off the ground for thirty seconds.

picked defendant up from the police station, defendant did not appear to be under the influence.

Based upon the testimony presented at trial, the municipal court judge found defendant guilty of DWI, refusal, and careless driving. The judge made detailed findings of fact, fully crediting Officer Cerro's testimony. The judge rejected the opinions of defendant's experts, noting that their claims that defendant's performance on the field sobriety tests may have been affected by a medical condition were belied by the MVR recording of defendant performing the tests. Based on his review of that recording, the judge found that although defendant was unable to maintain his balance during the tests, he had no difficulty walking on the roadway as he prepared to take the tests.

Following the trial de novo in the Law Division, Judge Rahill made equally detailed findings of fact and conclusions of law in her extremely thorough written opinion, and affirmed defendant's convictions. This appeal followed.

On appeal, defendant raises the following contentions:

> POINT I
>
> THE TRIAL COURT'S ARBITRARY AND UNREASONABLE DENIAL OF AN EXTENSION CONSTITUTED AN ABUSE OF DISCRETION AND A VIOLATION OF DEFENDANT['S] . . . RIGHT TO COUNSEL MANDATING A REVERSAL OF DEFENDANT'S CONVICTIONS.

A-5356-14T4

POINT II

DEFENDANT WAS DEPRIVED OF HIS SIXTH AMENDMENT AND NEW JERSEY CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL AND HIS DUE PROCESS AND STATE RIGHT TO A FAIR TRIAL BY JUDGE KELLEHER'S GRANTING THE WITHDRAWAL MOTION OF HIS RETAINED ATTORNEY WITHOUT CAUSE, AND BY SAID ATTORNEY FAILING TO COMPLY WITH THE COURT ORDER AS TO THE REASON FOR FILING THE MOTION TO BE RELIEVED, RESULTING IN: 1) DEPRIVATION OF DEFENDANT'S COUNSEL OF CHOICE; 2) TRIAL WITH INSUFFICIENT TIME FOR NEW COUNSEL TO PREPARE; 3) A LACK OF DISCOVERY; AND 4) A LACK OF THE DEFENSE EXPERT WHICH HAD BEEN PAID FOR BY THE DEFENDANT AND WAS ESSENTIAL TO HIS DEFENSE.

POINT III

THE DEFENDANT'S CONVICTIONS MUST BE REVERSED DUE TO THE MUNICIPAL COURT'S STRUCTURAL ERROR IN INCORPORATING THE SUPPRESSION MOTION AND TRIAL INTO A CONCURRENT PROCEEDING WITHOUT THE EXPRESS CONSENT OF THE PARTIES.

POINT IV

THE STATE FAILED TO PROVE BEYOND A REASONABLE DOUBT THAT THE DEFENDANT . . . OPERATED A MOTOR VEHICLE UNDER THE INFLUENCE OF ALCOHOL; THE DWI CONVICTION MUST BE REVERSED.

POINT V

THE EXISTENCE OF MEDICAL ISSUES AFFECTING DEFENDANT'S ABILITY TO PERFORM THE WALK-AND-TURN AND ONE-LEG-STAND TESTS RAISES REASONABLE DOUBT AS TO THE ELEMENT OF BREATH TEST REFUSAL REQUIRING PROBABLE CAUSE TO ARREST HIM FOR DRIVING WHILE UNDER THE INFLUENCE OF ALCOHOL.

POINT VI

THE CARELESS DRIVING CONVICTION SHOULD BE
REVERSED AS REASONABLE DOUBT EXISTS AS TO THE
DEFENDANT['S] . . . GUILT; THERE WAS NO
EVIDENCE AS TO ANY EFFECT ON OR DANGER TO
OTHERS FROM THE MANNER IN WHICH [DEFENDANT]
DROVE.

POINT VII

DEFENDANT WAS ENTITLED TO A JURY TRIAL IN
LIGHT OF THE LEGISLATURE'S SHIFT, WITH THE
2004 AMENDMENTS TO N.J.S. 39:4-50, FROM
REHABILITATION TO PUNISHMENT OF THIRD DWI
OFFENDERS, COUPLED WITH THE POSSIBILITY OF
JAIL IN EXCESS OF 180 DAYS AND THE IMPOSITION
OF OTHER ONEROUS PENALTIES.

We find insufficient merit in defendant's Points I, IV, V, and VI, to warrant discussion in a written opinion.[3] R. 2:11-3(e)(2). We add the following brief comments concerning these contentions.

---

[3] At oral argument, defendant's attorney waived defendant's argument in Point VII that he was entitled to a jury trial on the DWI charge. See State v. Denelsbeck, 225 N.J. 103, 107 (2016) (holding that third or subsequent DWI offenders under N.J.S.A. 39:4-50 are not entitled to a jury trial), cert. denied, ___ U.S. ___, 137 S. Ct. 1063, 197 L. Ed. 2d 175 (2017). Therefore, there is no need to address this point in this opinion. We also decline to consider defendant's contention in Point II that three of the attorneys he retained rendered ineffective assistance to him during the course of this proceeding. State v. Rambo, 401 N.J. Super. 506, 525 (App. Div.) (noting that "[c]ontentions of ineffective assistance of counsel are more effectively addressed through petitions for post-conviction relief, at which point an appropriate record may be developed") (citing State v. Preciose, 129 N.J. 451, 460 (1992)), certif. denied, 197 N.J. 258 (2008).

A-5356-14T4

Contrary to defendant's argument in Point I, the municipal court judge exercised his sound discretion in denying defendant's last-minute adjournment request on July 29, 2014, the day of trial. State v. Hayes, 205 N.J. 522, 538 (2011). The matter had been pending for ten months, and defendant had already obtained multiple adjournments due to his alleged difficulties in retaining counsel. Thus, the judge was well within his discretion to deny defendant's request for yet another adjournment, this time to obtain an expert who defendant's attorney stated was then on vacation.

Defendant's Points IV, V, and VI also lack merit. On appeal from a Law Division decision, the issue is whether there is "sufficient credible evidence present in the record" to uphold the findings of the Law Division, not the municipal court. State v. Johnson, 42 N.J. 146, 162 (1964). "We do not weigh the evidence, assess the credibility of witnesses, or make conclusions about the evidence." State v. Barone, 147 N.J. 599, 615 (1997). We give due regard to the trial court's credibility findings. State v. Cerefice, 335 N.J. Super. 374, 383 (App. Div. 2000).

A DWI conviction may be based upon physical evidence, such as symptoms observed by the arresting police officers or failure of the defendant to perform adequately on balance and coordination tests. State v. Liberatore, 293 N.J. Super. 580, 589 (Law Div. 1995), aff'd o.b., 293 N.J. Super. 535 (App. Div. 1996). A

defendant's demeanor, physical appearance, slurred speech, and bloodshot eyes, together with an odor of alcohol or an admission of the consumption of alcohol and poor performance on field sobriety tests, are sufficient to sustain a DWI conviction. State v. Bealor, 187 N.J. 574, 588-89 (2006).

Here, defendant operated his car erratically, smelled of alcohol, had watery eyes, exhibited boisterous behavior, admitted to drinking, and failed both field sobriety tests. Thus, there was ample evidence in the record supporting defendant's DWI conviction beyond a reasonable doubt.

Because there was obviously probable cause to arrest defendant for DWI under the totality of circumstances described above, and he thereafter refused to submit to a chemical breath test, we discern no basis for disturbing defendant's refusal conviction under N.J.S.A. 39:4-50.2. See State v. Marquez, 202 N.J. 485, 503 (2012) (listing the elements that must be established to uphold a refusal conviction). Finally, Officer Cerro's testimony that defendant veered from one lane to another, and drove at least fifteen miles over the speed limit, provided more than enough credible evidence to support defendant's conviction for careless driving under N.J.S.A. 39:4-97.

We now turn to defendant's Point III, where he asserts that the municipal court judge improperly combined the trial on the

charges and his motion to suppress evidence into a single proceeding in violation of the principle that a judge should conduct these matters separately. Judge Rahill rejected this argument, finding that defendant's attorney "stipulated that the testimony from the motion to suppress [would] be incorporated into the trial." Based on our review of the applicable case law as applied to the facts of this case, we also reject defendant's contention.

Since at least 1989, the Municipal Court's Training Guide has counselled municipal court judges not to incorporate the evidence from a suppression motion into the trial record. State v. Gibson, 219 N.J. 227, 240-41 (2014) (citing State v. Allan, 283 N.J. Super. 622, 630 (Law Div. 1995) (holding that the better practice is to conduct two separate proceedings unless both sides consent and defense counsel is given wide latitude in cross-examining the State's witnesses)). As the Court explained in Gibson, a suppression hearing and a trial are governed by different rules and have different purposes. Id. at 241-42. For example, a suppression hearing determines whether certain evidence may be excluded and the State may present hearsay evidence that would otherwise be inadmissible at a trial. N.J.R.E. 104(a).

Thus, the Court held that the two proceedings may only be combined if both parties consent and the defense is granted the

opportunity to fully cross-examine the State's witnesses on all issues raised. Gibson, supra, 219 N.J. at 248-49. "Following this procedure[,]" the Court found, "underscores the separate nature of each proceeding, the limited scope of a suppression motion, and the different standards of proof governing each proceeding." Id. at 245. In cases where this rule was not followed by the municipal court, the Court ruled that the matter should be remanded for a new trial. Id. at 249.[4]

In Allan, defense counsel vehemently objected to having the evidence adduced at the motion to suppress proceeding incorporated into the trial. Allan, supra, 283 N.J. Super. at 628. Moreover, the municipal court judge did not permit defense counsel to cross-examine a police officer at the trial concerning the officer's testimony at the earlier suppression hearing. Id. at 629. As a result, the Law Division found that the municipal court judge

---

[4] The parties each devote a portion of their briefs to a debate over whether the Supreme Court's Gibson decision, which was rendered less than two months after defendant's trial, should be applied retroactively. As noted above, the general rule for over twenty-five years has been that the motion to suppress hearing should be conducted separately from a DWI or refusal trial. Allan, supra, 283 N.J. Super. at 630. Moreover, prior to defendant's trial, we had already issued our decision in State v. Gibson, 429 N.J. Super. 456, 468 (App. Div. 2013), rev'd on other grounds, 219 N.J. 227 (2014), which also criticized the practice of relying on suppression hearing evidence in the trial on the merits of a DWI matter without the parties' consent. Thus, we will apply the Gibson decision to the facts of this case.

"infringed upon the defendant's constitutional right to confront the witness against him" and remanded the matter for a new trial. Ibid.

Similarly, in Gibson, a motion to suppress hearing was conducted prior to the trial. Gibson, supra, 219 N.J. at 233. Immediately after the municipal court judge denied the defendant's suppression motion, he began the trial and incorporated the testimony from the suppression hearing into the trial record. Id. at 234-35. In doing so, the judge did not allow the defendant's attorney to further cross-examine the police officer who had earlier testified for the State at the suppression hearing. Id. at 235. Although the defendant's attorney did not object to combining the motion to suppress record and the trial, he also did not consent to proceeding in this fashion. Ibid. The Court therefore concluded that a new trial was necessary. Id. at 249.

The facts of this case are in no way similar to those presented in Gibson or Allan. Here, the parties appeared on July 29, 2014, for the purpose of conducting a trial on the charges pending against defendant. Although, on July 17, 2014, defendant's newly-retained attorney had filed a motion to suppress "all evidence seized as a result of a warrantless search that occurred on" the day of defendant's arrest, the attorney did not bring this

11

motion to the municipal court judge's attention at the beginning of the trial.

Instead, defense counsel asked for an adjournment of the trial to permit him to retain an expert to replace the one defendant had previously engaged. When the judge denied this motion, the attorneys and the judge discussed the schedule for the day. After the judge confirmed with the court clerk that "[t]he whole day" had been set aside for the trial, defendant's attorney mentioned that one of his two experts would not be available until noon. At no time did defendant's attorney ask the judge to consider a motion to suppress evidence.

The judge then commenced the trial with the State presenting the testimony of Officer Cerro. At the conclusion of the officer's direct examination, defendant's attorney thoroughly cross-examined him on all issues relating to the charges involved in the trial. After the State rested, defendant's attorney presented the testimony of both of his experts. Again, there was no mention of a motion to suppress.

After defendant rested, the judge asked, "Any motions by anyone?" In response to that standard inquiry, defendant's attorney for the first time stated, "Your Honor, I filed a motion to suppress which I think was really incorporated within the entire trial[.]" The judge responded by noting that defendant's motion

12

was "really not timely[,]" but he would consider it. The judge then found that Officer Cerro had probable cause to stop defendant's car after he observed defendant speeding and driving carelessly. Therefore, the judge denied the motion to suppress the evidence of alcohol use the officer observed after the motor vehicle stop.

The judge next asked defense counsel if there was "[a]nything else" and the attorney stated, "Not in that regard, Your Honor, no." The judge then proceeded to render his findings on the charges.

Thus, this case is nothing at all like Gibson or Allan, where the defendants were forced to have evidence adduced at an earlier suppression hearing incorporated into the trial record without their consent and without the opportunity to fully cross-examine the witnesses on the charges themselves. Unlike in those cases, both parties were fully aware that a trial was going to be conducted on July 29, 2014. Defendant also had the opportunity to fully cross-examine Officer Cerro on his reasons for stopping defendant's car and the officer's observations after that stop all the way through to defendant's refusal to submit to a chemical breath test.

The only reason there was any "combination" of the trial and a motion to suppress here was because defendant's attorney

belatedly asked the judge to consider a motion to suppress at the very end of the trial. Clearly, the judge's decision to accommodate defendant's late motion did not implicate any of the concerns that led the <u>Gibson</u> court to prohibit the use of testimony and evidence presented at a pre-trial suppression hearing at a later trial on the merits. Therefore, we reject defendant's arguments on this point.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5356-14T4