SYLLABUS

(This syllabus is not part of the opinion of the Court. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Supreme Court. Please note that, in the interest of brevity, portions of any opinion may not have been summarized.)

**State v. Raymond D. Kates** (A-40-12) (070971)

**(NOTE: This Court wrote no full opinion in this case. Rather, the Court's affirmance of the judgment is based substantially on the reasons expressed in the opinion of the Appellate Division, which is published at 426 N.J. Super. 32 (App. Div. 2012).)**

**Argued November 18, 2013 -- Decided January 14, 2014**

**PER CURIAM**

In this appeal, the Court considers the method by which a trial court is required to analyze a defendant's request for a continuance in order to exercise his or her constitutional right to retain chosen counsel.

On the morning trial was scheduled to commence, defendant Raymond D. Kates learned that his lead trial counsel, Assistant Deputy Public Defender Jeffrey G. Klavens, would likely be deployed overseas during the trial. Kates objected, explaining that he was uncomfortable with changing attorneys midstream and felt it was unfair and would confuse the jury. He also was concerned that his second-chair attorney was less familiar with the case. Kates requested an adjournment so that he could retain his own counsel. The trial court summarily denied the request and proceeded with trial.

Kates appealed, and the Appellate Division ordered a new trial, concluding that the trial court did not reasonably balance Kates's desire to retain counsel of his choice against the need to proceed with a scheduled trial. The panel explained that the Sixth Amendment entitles a defendant to choose his own counsel, and deprivation of this right is a structural error which does not require a defendant to demonstrate prejudice. That being said, the right to counsel is not absolute and should be balanced against the court's calendar and other issues. In order to properly assess a defendant's request for a continuance to retain counsel, trial courts should consider the various factors outlined in State v. Ferguson, 198 N.J. Super. 395, 402 (App. Div.), certif. denied, 101 N.J. 266 (1985), including the length of the delay, the balanced convenience or inconvenience to litigants and the court, whether the defendant contributed to the reason for the delay, and whether and to what extent the defendant will be prejudiced. The panel noted that the availability of other competent counsel is not a substitute for the right to choose. Finally, deprivation of the right only occurs when a trial court mistakenly exercises its discretion and erroneously or arbitrarily denies a continuance to retain chosen counsel. The Court granted certification. 213 N.J. 45 (2013).

**HELD:** The judgment of the Appellate Division is affirmed substantially for the reasons expressed in Judge Ostrer's opinion below. Deprivation of a defendant's right to counsel of choice is only found where, as here, a trial court denies an adjournment without properly considering the relevant factors or abuses its discretion in doing so.

1. Although a lengthy factual inquiry is not required, a trial court must conduct a reasoned, thoughtful analysis of the appropriate factors, as outlined in Ferguson, when considering a defendant's request for an adjournment to retain chosen counsel. If this analysis occurs, the court can exercise its authority to deny the request without invoking structural error. Trial courts retain considerable latitude in balancing the appropriate factors. Deprivation of the right to counsel of choice is only found if a trial court summarily denies an adjournment to retain private counsel without considering the relevant factors, or if it abuses its discretion in the way it analyzes those factors. Here, there may have been reason to deny Kates's request. However, since his request was summarily denied without analysis of the relevant factors, a new trial is required. (pp. 5-6)

The judgment of the Appellate Division is **AFFIRMED**.

1

**CHIEF JUSTICE RABNER; JUSTICES LaVECCHIA, ALBIN, and PATTERSON; and JUDGES RODRÍGUEZ and CUFF (both temporarily assigned) join in this PER CURIAM opinion.**

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

        v.

RAYMOND D. KATES,

    Defendant-Respondent.

Argued November 18, 2013 – Decided January 14, 2014

On certification to the Superior Court, Appellate Division, whose opinion is reported at 426 N.J. Super. 32 (2012).

Teresa A. Blair, Deputy Attorney General, argued the cause for appellant (John J. Hoffman, Acting Attorney General of New Jersey, attorney).

Lauren S. Michaels, Assistant Deputy Public Defender, argued the cause for respondent (Joseph E. Krakora, Public Defender, attorney).

PER CURIAM

The Appellate Division reversed defendant Raymond Kates' conviction for second-degree eluding, N.J.S.A. 2C:29-2(b), and fourth-degree resisting arrest by flight, N.J.S.A. 2C:29-2(a)(2). We affirm that judgment largely for the reasons stated in Judge Ostrer's opinion in State v. Kates, 426 N.J. Super. 32 (App. Div. 2012).

On the morning trial was scheduled to start, defendant first learned that Assistant Deputy Public Defender Jeffrey G. Klavens would likely be deployed overseas during the trial. Id. at 39. It appears that Klavens was to be the lead trial counsel; Assistant Deputy Public Defender Dionne Stanfield was to be second-chair. Ibid.

Defendant objected through Klavens: "he's not comfortable . . . changing attorneys midstream or having the jury see me for part of the time and then seeing me leave for the rest of the time. He feels it's not fair to him. He[] has concerns that the jury would be confused." Defendant also expressed concern because Stanfield was "newer to the case." As a result, Klavens represented to the trial court that defendant was "working now" and "requesting a postponement so he can hire his own attorney." In response to counsel's question -- "Is that right?" -- defendant agreed with the request for an adjournment.

Without any further discussion or inquiry of defendant, the trial court stated, "I understand that request. I am denying that request. We are going to proceed with the trial today."

The Appellate Division concluded that "the trial court did not adequately elicit facts and apply the relevant factors to reasonably balance defendant's desire to retain counsel of his choice against the court's need to proceed with the scheduled trial." Id. at 51. The panel therefore ordered a new trial.

2

The appellate court's reasoning is ably set forth in Judge Ostrer's opinion. In essence, the opinion explains that (i) the Sixth Amendment "entitles 'a defendant who does not require appointed counsel to choose who will represent him,'" id. at 43 (quoting United States v. Gonzalez-Lopez, 548 U.S. 140, 144, 126 S. Ct. 2557, 2561, 165 L. Ed. 2d 409, 417 (2006))[1]; (ii) deprivation of the right to counsel of choice is a "structural error," so defendants who demonstrate that their right has been violated do not have to show prejudice, id. at 44 (citing Gonzalez-Lopez, supra, 548 U.S. at 150, 126 S. Ct. at 2564, 165 L. Ed. 2d at 420); (iii) a defendant's right to counsel of choice "is not absolute" and may be balanced against the demands of the court's calendar, among other issues, id. at 45 (citations omitted); (iv) to assess a defendant's request for a continuance to retain counsel of choice, trial courts should consider various factors outlined in State v. Furguson, 198 N.J. Super. 395, 402 (App. Div.) (adopting analysis of United States v. Burton, 584 F.2d 485, 490-91 (D.C. Cir. 1978), cert. denied, 439 U.S. 1069, 99 S. Ct. 837, 59 L. Ed. 2d 34 (1979)), certif.

---

[1] As the court noted, "an indigent defendant who is represented by appointed counsel does not enjoy a right to choose counsel." Kates, supra, 426 N.J. Super. at 43 (citing State v. Williams, 404 N.J. Super. 147, 170 (App. Div. 2008), certif. denied, 201 N.J. 240 (2010)). The Public Defender may substitute attorneys within the office. See, e.g., Morris v. Slappy, 461 U.S. 1, 103 S. Ct. 1610, 75 L. Ed. 2d 610 (1983).

3

denied, 101 N.J. 266 (1985), which guide the courts' discretion, Kates, supra, 426 N.J. Super. at 46; (v) those factors include

> the length of the requested delay; whether other continuances have been requested and granted; the balanced convenience or inconvenience to the litigants, witnesses, counsel, and the court; whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; whether the defendant has other competent counsel prepared to try the case, including the consideration of whether the other counsel was retained as lead or associate counsel; whether denying the continuance will result in identifiable prejudice to defendant's case, and if so, whether this prejudice is of a material or substantial nature; the complexity of the case; and other relevant factors which may appear in the context of any particular case;
>
> [Furguson, supra, 198 N.J. Super. at 402 (quoting Burton, supra, 584 F.2d at 490-91); see also State v. Hayes, 205 N.J. 522, 538 (2011) (noting that balancing of factors "is an intensely fact-sensitive inquiry").];

(vi) the availability of other competent counsel, while relevant, "is no substitute by itself for the constitutional right to choose counsel," Kates, supra, 426 N.J. Super. at 46; and, (vii) a deprivation of the right only occurs "when the court mistakenly exercises its discretion and erroneously or arbitrarily denies a continuance to retain chosen counsel," id. at 47.

4

We write to emphasize certain points that the Appellate Division noted. If a trial court conducts a reasoned, thoughtful analysis of the appropriate factors, it can exercise its authority to deny a request for an adjournment to obtain counsel of choice. See State v. McLaughlin, 310 N.J. Super. 242, 260 (App. Div.), certif. denied, 156 N.J. 381 (1998); Furguson, supra, 198 N.J. Super. at 405-06. Such an approach does not invoke structural error.

Trial judges retain considerable latitude in balancing the appropriate factors. Hayes, supra, 205 N.J. at 537-39. They can weigh a defendant's request against the need "to control [the court's] calendar and the public's interest in the orderly administration of justice." Furguson, supra, 198 N.J. Super. at 402; see also Burton, supra, 584 F.2d at 490 (noting that trial court "is free to deny a continuance to obtain additional counsel if, upon evaluation of the totality of the circumstances, it reasonably concludes that the delay would be unreasonable in the context of the particular case").

Thus, we underscore that only if a trial court summarily denies an adjournment to retain private counsel without considering the relevant factors, or abuses its discretion in the way it analyzes those factors, can a deprivation of the right to choice of counsel be found. Structural error is not triggered otherwise.

In this case, there may have been reason to deny defendant's request for a continuance based on the Burton/Furguson factors.  But no analysis was conducted.  We do not suggest that a lengthy factual inquiry is required, see Kates, supra, 426 N.J. Super. at 53, but the summary denial of defendant's request, with no consideration of the governing standard, amounts to error and requires a new trial.

We therefore affirm the judgment of the Appellate Division.

CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, and PATTERSON; and JUDGES RODRÍGUEZ and CUFF (both temporarily assigned) join in this per curiam opinion.

SUPREME COURT OF NEW JERSEY

NO. __A-40__                                SEPTEMBER TERM 2012

ON CERTIFICATION TO          Appellate Division, Superior Court

_____


STATE OF NEW JERSEY,

      Plaintiff-Appellant,

          v.


RAYMOND D. KATES,

      Defendant-Respondent.


DECIDED _____January 14, 2014_____

_____Chief Justice Rabner_____ PRESIDING

OPINION BY _____Per Curiam_____

CONCURRING/DISSENTING OPINIONS BY _____

DISSENTING OPINION BY _____


| CHECKLIST | AFFIRM | |
|---|---|---|
| CHIEF JUSTICE RABNER | X | |
| JUSTICE LaVECCHIA | X | |
| JUSTICE ALBIN | X | |
| JUSTICE PATTERSON | X | |
| JUDGE RODRÍGUEZ (t/a) | X | |
| JUDGE CUFF (t/a) | X | |
| TOTALS | 6 | |

1