SYLLABUS

(This syllabus is not part of the opinion of the Court. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Supreme Court. Please note that, in the interest of brevity, portions of any opinion may not have been summarized.)

**State of New Jersey v. Bruno Gibson** (A-11-13) (072257)

**Argued March 31, 2014 -- Decided September 16, 2014**

**CUFF, P.J.A.D. (temporarily assigned), writing for a unanimous Court.**

In this appeal, the Court determines the correct remedy when a municipal court convicts a defendant solely based on evidence adduced in a pre-trial suppression hearing, without defendant's consent but without objection.

On November 17, 2007, Winslow Township Police Patrolman Carl Mueller stopped defendant Bruno Gibson. According to Mueller, after approaching the car, he detected the odor of alcohol and defendant admitted that he had been drinking. As a result of defendant's poor performance on two field sobriety tests and the odor of alcohol, Mueller decided to arrest defendant. Defendant resisted and had to be subdued. Defendant was charged with DUI, reckless driving, and failure to signal, and was indicted for third-degree aggravated assault on a police officer, third-degree resisting arrest, and two counts of fourth-degree subjecting a law enforcement officer to bodily fluid. Following defendant's sentence to two years non-custodial probation pursuant to a guilty plea, the motor vehicle charges were remanded to the municipal court.

Defendant appeared before the municipal court for a pre-trial hearing to suppress the fruits of the stop and subsequent arrest. Following Mueller's testimony at the suppression hearing and review of video footage of the stop, the municipal court determined that reasonable suspicion for the stop and probable cause for defendant's arrest existed, and denied defendant's motion to suppress. After the suppression hearing, the State inquired whether it was necessary for Mueller to testify again at trial since the State would be relying strictly on Mueller's physical observations. The court asked defense counsel whether there was sufficient basis for the court to find beyond a reasonable doubt that defendant was intoxicated. In response, defense counsel commenced his summation, arguing that the State's evidence failed to satisfy its burden of proof. The court did not ask whether defense counsel wanted to conduct further cross-examination of Mueller, and counsel did not object. Relying on the observational evidence, the municipal court found defendant guilty of DUI and failing to signal.

Following a trial de novo in the Law Division, the court found that the State carried its burden of proof to establish that defendant drove while intoxicated, describing the evidence as "overwhelming." The Law Division noted that Mueller's testimony was credible, unrebutted and corroborated by the videotape. With respect to defendant's argument that the municipal court violated his right to procedural due process by deciding the merits of the case based on the suppression motion record, the Law Division recognized that the municipal court did not follow normal procedures, but noted that defense counsel neither objected, sought to admit additional evidence, nor sought additional cross-examination. The Law Division concluded that defendant failed to show he was prejudiced.

On appeal, the Appellate Division reversed, concluding that the municipal court was not empowered to consider the pre-trial hearing evidence in the trial on the merits, and to proceed to closing argument without expressly asking defense counsel if he intended to call witnesses. The panel emphasized that the suppression hearing and trial are governed by different rules and determine discrete issues. Moreover, differing standards of proof influence the scope of cross-examination and presentation of witnesses in each proceeding, and suppression hearings may include evidence that is inadmissible at trial. The panel also noted that a person charged with DUI has broad procedural rights, including the right to confront the witnesses and evidence against him. Determining that the State presented no evidence to permit either the municipal court or the Law Division to find beyond a reasonable doubt that defendant operated a motor vehicle under the influence of alcohol, the panel directed the Law Division to enter a judgment of acquittal. This Court granted the State's petition for certification. 215 N.J. 488 (2013).

**HELD:** Due to the fundamental differences between a pre-trial motion to suppress and a trial on the merits, the best

1

practice is to conduct two separate proceedings. However, the motion record may be incorporated into the trial record if both parties consent and counsel are given wide latitude in cross-examination. Where the evidence from a pre-trial hearing is improperly admitted at the trial on the merits, the correct remedy is remand for a new trial.

1. Municipal court proceedings are quasi-criminal proceedings in which defendants are entitled to due process of law. A defendant charged with a DUI enjoys a broad array of procedural rights, including a trial in accordance with the Rules of Evidence and the right to confront witnesses. State v. Allan, 283 N.J. Super. 622 (Law Div. 1995) is the only reported opinion addressing the practice of incorporating the evidence from a suppression motion into the trial record. There, the Law Division cautioned against the continued use of this common practice, finding that the better practice is to conduct two separate proceedings. However, the Law Division noted that the motion testimony and exhibits could be incorporated in the trial record if both counsel consented and defense counsel had been given wide latitude during cross-examination. (pp. 13-16)

2. Error in a pre-trial proceeding or trial may require reversal of a conviction and remand for a new trial, particularly in the case of an error that impacts a fundamental right affecting the framework of the trial. Here, incorporation of the motion record into the municipal court trial record deprived defendant of his right to complete cross-examination of the arresting officer, thereby implicating his fundamental right to confront the witnesses against him. Although the error contravened a fundamental right, it did not undermine the legitimacy of the trial itself, and the prejudice it caused was readily assessed. Therefore, the remedy for such an error is reversal of the conviction and a new trial. (pp. 16-18)

3. In certain circumstances, an error that interferes with a defendant's right to confront the witnesses against him may also produce a factual record that provides insufficient evidence to support a finding of guilt beyond a reasonable doubt, thereby implicating a defendant's double jeopardy guarantee and preventing the State from retrying the case. However, the Double Jeopardy Clause permits a retrial when evidence, without which a conviction cannot be supported, is erroneously admitted against a defendant. Reversal for such trial error is appropriate because it implies nothing about a defendant's guilt or innocence, but rather that the judicial process by which the defendant was convicted was defective in some fundamental respect. Under those circumstances, a retrial merely recreates the situation that would have been obtained had the trial error not occurred. (pp. 18-22)

4. With respect to incorporation of the record of the motion to suppress into the trial record, the Court subscribes to the rule set forth in Allan. In light of the separate nature of each proceeding, the limited scope of a suppression motion, and the different standards of proof governing each proceeding, the better practice is to conduct two separate proceedings. On the other hand, if both counsel stipulate that testimony and exhibits from the pre-trial motion may be incorporated into the trial record and counsel are given wide latitude in cross-examination in connection with the issues raised, the trial court may use the pre-trial record. Here, without the improperly-admitted video evidence and testimony from the suppression hearing, the State could not meet its burden of proof. Since this error was procedural and did not affect the sufficiency of the evidence, the proper remedy is a remand to the municipal court for a trial based on the observational evidence, with defendant being afforded the full opportunity to cross-examine Mueller and test the State's proofs. Under these circumstances, a new trial does not violate defendant's double jeopardy right. (pp. 22-28)

The judgment of the Appellate Division is **REVERSED** and the matter is **REMANDED** to the municipal court for proceedings consistent with this opinion.

**CHIEF JUSTICE RABNER; JUSTICES LaVECCHIA, ALBIN, PATTERSON, and FERNANDEZ-VINA; and JUDGE RODRÍGUEZ (temporarily assigned) join in JUDGE CUFF's opinion.**

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

        v.

BRUNO GIBSON,

    Defendant-Respondent.

> Argued March 31, 2014 – Decided September 16, 2014
>
> On certification to the Superior Court, Appellate Division, whose opinion is reported at 429 N.J. Super. 456 (2013).
>
> Jason Magid, Assistant Prosecutor, argued the cause for appellant (Warren W. Faulk, Camden County Prosecutor, attorney).
>
> George R. Szymanski argued the cause for respondent.

JUDGE CUFF (temporarily assigned) delivered the opinion of the Court.

Defendant Bruno Gibson was convicted of driving under the influence (DUI), in violation of N.J.S.A. 39:4-50. At trial, the conviction was entered solely on the basis of evidence elicited at a pre-trial hearing to suppress the fruits of the stop and subsequent arrest. The Appellate Division reversed defendant's conviction, and entered a judgment of acquittal, holding that a trial court sitting as a fact-finder in a quasi-

criminal matter may not rely on the evidence heard in a pre-trial suppression hearing as proof of guilt in the trial on the merits without defendant's consent.

This appeal requires the Court to determine the correct remedy when the municipal court convicts a defendant solely based on evidence adduced in a pre-trial suppression hearing, without defendant's consent but without objection. Due to the fundamental differences between the purposes of a suppression hearing and a trial on the merits of the charges, the evidence from the pre-trial hearing cannot be used in a subsequent trial on the merits, without a stipulation from both parties. However, the correct remedy for this error is a remand for a new trial rather than a judgment of acquittal. We therefore reverse the judgment of the Appellate Division and remand the case to the municipal court for proceedings consistent with this opinion.

I.

A.

The following facts are derived from the pre-trial suppression hearing. Winslow Township Police Patrolman Carl Mueller testified that on November 17, 2007, at around 4:00 a.m., he stopped defendant after defendant's car passed the officer's police vehicle. Officer Mueller testified defendant

2

was traveling at a "high rate of speed," and failed to use his turn signal when returning to the normal travel lane.

After he approached the vehicle, Officer Mueller detected an odor of alcoholic beverage.  Defendant admitted that he had been drinking.  Officer Mueller ordered defendant to perform field sobriety tests and defendant acquiesced.  According to the officer, defendant performed poorly on the one-legged stand and the walk-and-turn tests.  Officer Mueller testified that he decided to arrest defendant because he believed defendant was intoxicated due to his poor performance on the two field sobriety tests and the odor of alcoholic beverages.  When defendant resisted arrest, the officer requested backup, and eventually resorted to the use of pepper spray to subdue defendant.

Defendant was charged with DUI, in violation of N.J.S.A. 39:4-50, reckless driving, in violation of N.J.S.A. 39:4-96, and failure to signal, in violation of N.J.S.A. 39:4-126.  A Camden County Grand Jury also indicted defendant for third-degree aggravated assault on a police officer, in violation of N.J.S.A. 2C:12-1(b)(5)(a) (count one), third-degree resisting arrest, in violation of N.J.S.A. 2C:29-2(a)(3) (count two), and two counts of fourth-degree subjecting a law enforcement officer to bodily fluid, in violation of N.J.S.A. 2C:12-13 (counts three and four).  On December 1, 2008, defendant pled guilty to count one

3

of the indictment and was sentenced to two years non-custodial probation.  The remaining counts of the indictment were dismissed and the motor vehicle charges were remanded to municipal court for disposition.

On May 26, 2010, and October 27, 2010, defendant appeared before the municipal court initially for a suppression hearing, and then for a trial.  At the May 2010 suppression hearing, Officer Mueller testified to the above facts.  The pre-trial hearing continued in October 2010, when the defense introduced video footage of the stop.  Defense counsel and the prosecutor contested whether the video supported Officer Mueller's description of defendant's performance on the field sobriety tests.  Following review of the videotape and the argument of counsel, the municipal court determined that reasonable suspicion for the motor vehicle stop and probable cause for defendant's arrest existed.  The municipal court stated that

> [w]ith regard to the second prong of the motion, . . . on the first test, the one leg stand, . . .  I saw the defendant lift his leg up and quickly put it down.  He did not hold for 20 seconds. . . .  I would say it was more like two seconds[.]  He never walked heel-to-toe.
>
> It looked like he was attempt[ing] to walk heel-to-toe, but he wasn't successful at all with that . . . he took four steps then stopped.  He failed.
>
> The resisting arrest . . . comes into play, not that he was charged with it, but

4

it appeared as though [defendant] was not able to understand the instructions he was given. Maybe he didn't understand the instructions on the -- the psychophysicals, but he clearly couldn't do it, and the -- that entire incident involving his refusal or inability to get into the vehicle, he was taken into custody, and the -- the instructions were clear, get into the vehicle, and how long did that take?

I think that there is sufficient probable cause for the State to proceed with the -- the charge of driving while intoxicated[.]

After denying defendant's motion to suppress, the municipal court discussed the trial on the merits:

THE COURT: Reckless driving stands, and the failure to signal. I find that there is probable cause for those charges. We ready to start the trial?

[DEFENSE COUNSEL]: Yes, Your Honor.

THE COURT: Now, Mr. Prosecutor, in addition to Officer Mueller, were there other officers that were being called?

[PROSECUTOR]: I don't think we need anyone else, your Honor.

THE COURT: Okay.

The prosecutor told the court that the blood alcohol reading would have admissibility problems in court because "it wasn't [done] with our kit, and we don't really know who drew it." The State therefore informed the municipal court it would be relying strictly on the physical observations of Officer Mueller.

5

The prosecutor was prepared to present Officer Mueller to testify at the trial but inquired whether the officer should testify again. In response, the municipal court turned to defense counsel, who moved to dismiss the charges. The following exchange occurred between the municipal court and defense counsel:

> THE COURT: Mr. Szymanski?
>
> [DEFENSE COUNSEL]: We'd move for the dismissal of all the charges against him if there is not going to be any evidence presented in the case on behalf of the witness, it's not necessarily -- in other words. . . .

The court interrupted defense counsel mid-sentence to ask counsel if the evidence presented in the pre-trial hearing satisfied the State's burden of proof.

> THE COURT: There is no evidence of a reading. The officer did testify that he smelled odor of alcohol, and as you and I well know and the Prosecutor knows, that does not establish guilt beyond a reasonable doubt.
>
> So what I have before me at this juncture, I have the officer's testimony that he smelled the odor of alcohol. I have the -- the failure of the defendant to perform the psychophysicals and then the demeanor of the defendant.
>
> What I need to hear from you is whether or not you feel there is sufficient basis for the Court to find beyond a reasonable doubt that this defendant was intoxicated.

6

Defense counsel responded by commencing his summation, arguing that the State's evidence of speeding, the odor of an alcoholic beverage, and the results of the field sobriety tests failed to satisfy the State's burden of proof. The prosecutor then presented his summation. The municipal court, relying on the observational evidence, delivered its decision and found defendant guilty of DUI and failing to signal, but not guilty of reckless driving.

The municipal court did not ask if defense counsel wished to conduct further cross-examination of Officer Mueller. When the municipal court pronounced its findings of fact, defense counsel did not object. The municipal court imposed a ninety-day license suspension and a $250 fine, all appropriate fees, costs, and surcharges, and ordered completion of twelve hours at the Intoxicated Driver Resource Center. At defense counsel's request, the municipal court stayed the sentence for twenty days to permit him to file an appeal in the Law Division. After sentencing, the court re-opened the record to formally admit the videotape into evidence.

B.

A trial de novo in the Law Division occurred in May 2011. The parties presented no oral argument. The Law Division found that the State carried its burden of proof to establish that defendant drove while intoxicated. In fact, the Law Division

7

found that "[t]here was overwhelming evidence of . . . defendant's guilt, even absent any blood alcohol concentration reading from a breathalyzer." The court found that the officer's observation of an odor of alcohol on defendant's breath was unrebutted. The Law Division also found that the videotape corroborated the officer's testimony.

Further, the Law Division found credible the officer's testimony regarding defendant's behavior when he passed the officer's vehicle. The court found that defendant did not activate the turn signal when he changed lanes to pass the officer or when he resumed the normal travel lane.

Addressing defendant's argument that the municipal court violated his right to procedural due process by deciding the merits of the case based on the suppression motion record, the Law Division cited defendant's "multiple failed attempts at two field sobriety tests," his admission that he had been drinking that evening, and his "hostile behavior and demeanor during the arrest." The Law Division distinguished State v. Allan, 283 N.J. Super. 622, 630 (Law Div. 1995), which holds that a municipal court should not incorporate suppression hearing evidence into the trial on the merits unless defendant receives notice of the court's intention to proceed in this manner and consents. Moreover, the court noted that Allan prescribes that counsel must be "given wide latitude in cross-examination in

8

connection with the issues raised during the motion to suppress[.]" Ibid. Here, the Law Division recognized that the municipal court did not follow normal procedures but noted the lack of objection from defendant:

> While acknowledging neither party formally incorporated Officer Mueller's testimony in evidence, the Court notes that after a probable cause hearing defense counsel did not object to the proceedings and made closing arguments based on testimony he now claims was not in evidence in trial.
>
> The Defendant raised no objection by defense [c]ounsel, did not seek to introduce additional testimony, nor did he seek additional cross-examination . . . . The Defendant cannot now rely on evidence, make arguments on said evidence and subsequently deny the existence of that very evidence. While the proceedings in the lower court did not follow the normal procedures, the Defendant did not raise any objection to the procedure, was not limited in their cross-examination unlike the case in Allan and failed to show he was prejudiced by the procedure.

C.

On appeal, the Appellate Division reversed the Law Division judgment. In a published opinion, the appellate panel concluded that the municipal court was not empowered, over defendant's objection, to consider the pre-trial hearing evidence in the trial on the merits, and to proceed to closing argument without expressly asking defense counsel if he intended to call witnesses, including defendant. State v. Gibson, 429 N.J. Super.

9

456, 463 (App. Div. 2013). The panel emphasized that a suppression hearing and a trial are "designed to determine discrete issues and are governed by different rules." Id. at 465. The discrete nature of the proceedings influences the presentation of the evidence. It noted, for example, that if evidence existed that defendant's performance on the field sobriety tests was due to a medical condition, then that evidence would inform the issue of probable cause to arrest rather than intoxication, but might bear little or no relationship to the underlying charge. Id. at 466. Further, the panel noted that the standards of proof differ -- proof beyond a reasonable doubt governs the trial, while proof by a preponderance of the evidence governs a probable cause hearing. Id. at 465. The panel stated that those differing standards influence the scope of cross-examination and the presentation of witnesses. Ibid. Furthermore, the panel commented that a suppression hearing may include evidence inadmissible in a trial on the merits, such as hearsay. Id. at 466.

The appellate panel also recognized the broad procedural rights accorded to a person charged with DUI. Id. at 464-65. Specifically, the panel identified the heightened burden of proof, a defendant's right to confront the witnesses and evidence against him, and the inability of the de novo trial court to enhance the sentence imposed in the municipal court.

10

Id. at 464. It held that those rights "coexist with a general right to procedural due process," ibid., which, in turn, informs the rule that a trial court may not compromise those rights and that the Law Division was required to strike the incorporated evidence and to determine if the State had met its burden of proof, id. at 468-69. Invoking that remedy, the panel determined that the State presented no evidence to permit either the municipal court or the Law Division to find beyond a reasonable doubt that defendant operated a motor vehicle under the influence of alcohol, id. at 468, and directed the Law Division to enter a judgment of acquittal, id. at 469.

This Court granted the State's petition for certification. 215 N.J. 488 (2013).

II.

A.

The State "does not object to the rule of law" pronounced in the Appellate Division decision. However, it argues that the remedy for a violation of defendant's procedural due process rights is a reversal of the conviction and a remand for a new trial. The State argues that the Appellate Division relied on archaic case law to determine that the appropriate remedy for a violation of defendant's procedural due process rights is a judgment of acquittal. Moreover, the State maintains that the panel ignored the remedy imposed in Allan, supra, a case the

11

panel cited with approval, which ordered a new trial on the substantive charges.

The State asserts that the panel's reliance on prior case law is erroneous because those cases concerned instances where the State failed to meet its burden of proof due to insufficiency of the evidence, a discovery violation, or a combination of both circumstances. Here, the State informed both the municipal court and defendant that it would rely exclusively on observation evidence and would call only one officer as a witness. Thus, because the municipal court had counsel present argument with respect to whether that observational evidence was sufficient, the State asserts it did not admit evidence that was either insufficient or in violation of a statute.

The State also contends that when a defendant's right to confrontation has been abridged, the proper remedy is a reversal of the conviction and remand for a new trial. The State analogizes this case to cases in which the trial court impermissibly admitted either demonstrative or testimonial evidence without affording the defendant the opportunity to test the reliability of the evidence. In those cases, the remedy was a remand for a new trial.

The State finds support for its position in Rule 3:23-8(a), noting that when an appeal is taken from a municipal court

12

conviction to the Law Division, the "[t]rial of the appeal shall be heard de novo on the record unless it shall appear . . . the rights of defendant were prejudiced below in which event the [Law Division] may either reverse and remand for a new trial or conduct a plenary trial de novo without a jury."

B.

Defendant emphasizes the inherent differences between suppression hearings and trials. Defendant maintains that the prosecution presented no evidence at trial and the municipal court committed error in admitting the police videotape into evidence sua sponte. Defendant asserts that Allan, supra, "is right on point in supporting the validity of this appeal." Defendant further argues that, given fair warning of incorporation of the suppression evidence into the trial record, he would have adjusted his questioning or strategy at the suppression hearing. Defendant argues that exclusion of the evidence adduced at the suppression hearing is the appropriate remedy, and once that evidence is excluded, the State failed to prove beyond reasonable doubt that defendant violated N.J.S.A. 39:4-50.

III.

A.

We begin with some basic principles. "A municipal court proceeding is a quasi-criminal proceeding in which a defendant

is entitled to due process of law.  The essence of due process certainly requires that the parties have adequate notice and opportunity to know the State's evidence and to present evidence in argument and response."  State v. Garthe, 145 N.J. 1, 8 (1996).  Although a DUI violation is a quasi-criminal charge -- neither a crime nor an offense under the Criminal Code -- a defendant charged with DUI enjoys a broad array of procedural rights.  Those include the requirement that the State prove the elements of the crime beyond a reasonable doubt, State v. Emery, 27 N.J. 348, 353 (1958), a trial in accordance with the Rules of Evidence, N.J.R.E. 101, the right against self-incrimination, State v. Stas, 212 N.J. 37, 42 (2012), and the right to confront the witnesses against him, State v. Kent, 391 N.J. Super. 352, 366 (App. Div. 2007); State v. Berezansky, 386 N.J. Super. 84, 90 (App. Div. 2006), certif. granted, 191 N.J. 317 (2007), appeal dismissed by 196 N.J. 82 (2008).  The right of confrontation "bars admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had a prior opportunity for cross examination."  Davis v. Washington, 547 U.S. 813, 821, 126 S. Ct. 2266, 2273, 165 L. Ed. 2d 224, 236 (2006).  Errors at a DUI trial that prevent a defendant from confronting a witness against him implicate the Confrontation Clause.  See Kent,

14

supra, 391 N.J. Super. at 366; State v. Renshaw, 390 N.J. Super. 456, 463 n.4 (App. Div. 2007).

Allan is the only reported opinion that addresses the practice of incorporating the evidence from a suppression motion into the trial record. Allan, supra, recognized that it may have been common practice at that time to incorporate testimony from the motion to suppress into the trial of the underlying charges. 283 N.J. Super. at 629-30. Nevertheless, the Law Division cautioned against continued use of the practice, noting that municipal court judges had been counselled against it. Id. at 630. In fact, the Municipal Courts Training Guide incorporated remarks by Judge Philip S. Carchman at a seminar in 1989, in which he underscored that a motion to suppress and a trial

> are two separate proceedings. The standards that you would be applying are separate standards . . . . I think it's generally a good practice, given the different standards of proof which are required in these cases, that you separate out the motion to suppress and the issues on the motion to suppress from the issues on the trial.
>
> [Ibid. (quoting Seminar: Administrative Office of the Courts Municipal Services Division, Municipal Court Education Subcommittee on Vicinage Training, Mercer Vicinage Seminar, June 30, 1989).]

In Allan, supra, the trial court observed that the better practice is to conduct two separate proceedings. 283 N.J.

15

Super. at 630. The court, however, stated that the motion testimony and exhibits could be incorporated in the trial record if both counsel consented and defense counsel had been given wide latitude during cross-examination of the State's witnesses. Ibid.

### B.

A single error or a combination of errors in a pre-trial proceeding or a trial or both may require an appellate court to reverse the conviction and to remand for a new trial. See State v. Jenewicz, 193 N.J. 440, 474 (2008). When an appellate panel orders a new trial, it has determined that the error deprived the defendant of a fair trial. State v. Smith, 212 N.J. 365, 404 (2012); State v. Frost, 158 N.J. 76, 87-88 (1999). In some circumstances, the error may impact a fundamental right that affects the framework of the trial, thereby undermining the legitimacy of the trial itself. Johnson v. United States, 520 U.S. 461, 468, 117 S. Ct. 1544, 1549, 137 L. Ed. 2d 718, 728 (1997); State v. Purnell, 161 N.J. 44, 60-61 (1999). This type of error is sometimes referred to as structural error. State v. Camacho, ___ N.J. ___, ___ (2014) (slip op. at 23). This Court has held that summarily rejecting a defendant's request to retain counsel of his choice tramples the fundamental right to counsel of one's choice. State v. Kates, 216 N.J. 393, 397 (2014). Similarly, we have followed the approach of Snyder v.

16

Massachusetts, 291 U.S. 97, 105-06, 545 S. Ct. 330, 333, 78 L. Ed. 674, 678 (1934), and held that a defendant's absence from every stage of a trial when his presence has a reasonably substantial relation to a full defense of the pending charges is a violation of a fundamental right. State v. Auld, 2 N.J. 426, 433-35 (1949); see also Sullivan v. Louisiana, 508 U.S. 275, 277, 113 S. Ct. 2078, 2099, 124 L. Ed. 2d 182, 188 (1993) (holding erroneous reasonable doubt instruction structural error); Vasquez v. Hillery, 474 U.S. 254, 261-64, 106 S. Ct. 617, 622-23, 88 L. Ed. 2d 598, 607-09 (1986) (holding unlawful exclusion of grand jurors of defendant's race structural error); Waller v. Georgia, 467 U.S. 39, 48-49, 104 S. Ct. 2210, 2016-17, 81 L. Ed. 2d 31, 39-40 (1984) (holding violation of right to public trial structural error). The remedy for such error is normally reversal of the conviction and remand for a new trial. See, e.g., Neder v. United States, 527 U.S. 1, 8, 119 S. Ct. 1827, 1833, 144 L. Ed. 2d 35, 46 (1999); Camacho, supra, ___ N.J. at ___ (slip op. at 23). In some instances, however, even a fundamental right, such as a defendant's right to be present at trial, may be waived and when waived the error may be considered harmless. State v. Dellisanti, 203 N.J. 444, 460-61 (2010).

The trial error at issue in this appeal implicates defendant's right to confront the witnesses against him.

17

Incorporation of the motion record into the municipal court trial record deprived defendant of his right to complete cross-examination of the arresting officer.  That error was compounded in the Law Division on de novo review.  That error contravened a fundamental right, but it did not undermine the legitimacy of the trial itself.  It was also error that permitted the prejudice caused by that error "[to] be readily assessed."  Id. at 459.  The remedy for such an error is reversal of the conviction and a new trial.  State v. Byrd, 198 N.J. 319, 353-57 (2009); State v. W.A., 184 N.J. 45, 65-67 (2005).

In certain circumstances, an error that interferes with the right of a defendant to confront the witnesses against him or her may also produce a factual record that provides insufficient evidence to support a finding of guilt beyond a reasonable doubt.  In those circumstances, a defendant's double jeopardy guarantee is implicated.

The New Jersey Constitution provides that "[n]o person shall, after acquittal, be tried for the same offense," N.J. Const. art. I, ¶ 11, and this clause has been "consistently interpreted . . . as co-extensive with the guarantee of the federal Constitution."  State v. De Luca, 108 N.J. 98, 102 (citing State v. Dively, 92 N.J. 573, 578 (1983); State v. Barnes, 84 N.J. 362, 370 (1980); State v. Rechtschaffer, 70 N.J. 395, 404 (1976); State v. Wolf, 46 N.J. 301, 303 (1966)), cert.

18

denied, 484 U.S. 944, 108 S. Ct. 331, 98 L. Ed. 2d 358 (1987). "[T]he double jeopardy clause 'protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.'" De Luca, supra, 108 N.J. at 102 (quoting North Carolina v. Pearce, 395 U.S. 711, 717, 89 S. Ct. 2072, 2076, 23 L. Ed. 2d 656, 664-65 (1969)).

The Double Jeopardy Clause prevents the State from retrying a case where a conviction has been overturned due to insufficient evidence. See, e.g., State v. Koedatich, 118 N.J. 513, 519 (1990) ("[I]t is consistent with the guarantee against double jeopardy to retry a defendant who has succeeded in obtaining reversal of his conviction based on trial errors . . . . Where a defendant's conviction has been overturned due to insufficient evidence, however, principles of double jeopardy prohibit retrial.") (citing United States v. Tateo, 377 U.S. 463, 466, 84 S. Ct. 1587, 1589, 12 L. Ed. 2d 448, 451 (1964); Burks v. United States, 437 U.S. 1, 11, 98 S. Ct. 2141, 2147, 57 L. Ed. 2d 1, 9-10 (1978)).

In Lockhart v. Nelson, the Supreme Court held that the Double Jeopardy Clause does permit a retrial "when a reviewing court determines that a defendant's conviction must be reversed because evidence was erroneously admitted against him, and also

19

concludes that without the inadmissible evidence there was insufficient evidence to support a conviction." 488 U.S. 33, 40, 109 S. Ct. 285, 290, 102 L. Ed. 2d 265, 273 (1988). Further, according to the Court, reversal for trial error "implies nothing with respect to the guilt or innocence of the defendant" but rather "is a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect." Burks, supra, 437 U.S. at 15, 98 S. Ct. at 2149, 57 L. Ed. 2d at 12.

In Lockhart, supra, the defendant pled guilty to burglary and misdemeanor theft and was sentenced to an enhanced term of imprisonment as a habitual offender. 488 U.S. at 34–35, 109 S. Ct. at 287, 102 L. Ed. 2d at 270. Under the statute permitting an enhanced sentence, Arkansas was required to prove beyond a reasonable doubt that the defendant had previously been convicted or found guilty of four or more felonies. Id. at 35, 109 S. Ct. at 287–88, 102 L. Ed. 2d at 270. The state introduced certified copies of four prior felony convictions but was unaware that the governor had granted the defendant a pardon for one of them. Id. at 36, 109 S. Ct. at 288, 102 L. Ed. 2d at 270. The defendant's attorney did not object, but the defendant indicated on cross-examination that he believed he had received a pardon for one conviction. Ibid. When the defendant's sentence was overturned in a habeas corpus proceeding, the state

20

announced its intention to resentence him under the habitual offender statute, using a different conviction that had not previously been introduced. Id. at 37, 109 S. Ct. at 289, 102 L. Ed. 2d at 271. The Court of Appeals for the Eighth Circuit stated that the pardoned conviction was not admissible under state law, and that without it the state had failed to produce sufficient evidence for the enhanced sentence. Ibid.

The United States Supreme Court disagreed, stating that the appropriate remedy was a "reversal for 'trial error' -- the trial court erred in admitting a particular piece of evidence, and without it there was insufficient evidence to support a judgment of conviction." Id. at 40, 109 S. Ct. at 290-91, 102 L. Ed. 2d at 273. On the other hand, "clearly with that evidence, there was enough to support the sentence." Id. at 40, 109 S. Ct. at 290, 102 L. Ed. 2d at 273. That the conviction had been pardoned "vitiated its legal effect, but it did not deprive the certified copy of that conviction of its probative value under the statute." Id. at 40, 109 S. Ct. at 291, 102 L. Ed. 2d at 273. The Court interpreted Burks as requiring a reviewing court to "consider all of the evidence admitted by the trial court in deciding whether retrial is permissible under the Double Jeopardy Clause." Id. at 41, 109 S. Ct. at 291, 102 L. Ed. 2d at 274. Furthermore, the Court reasoned that if the defendant had offered proof of the pardon at trial, the trial

21

court likely would have permitted the prosecutor to offer another prior conviction.  Id. at 42, 109 S. Ct. at 291, 102 L. Ed. 2d at 274-75.  A retrial "merely recreates the situation that would have been obtained" if the evidence had been properly excluded.  Ibid.

## IV.

We commence our discussion with the practice of incorporating the record of the motion to suppress into the trial record.  We subscribe to the rule discussed in Allan.  The better practice is to conduct two separate proceedings. Following this procedure underscores the separate nature of each proceeding, the limited scope of a suppression motion, and the different standards of proof governing each proceeding.  On the infrequent occasions when circumstances suggest that the motion record should be incorporated into the trial record, counsel must be notified in advance, defense counsel must be given the opportunity to conduct a broad-ranging cross-examination of the State's witnesses, and both counsel must consent on the record.

That did not occur in this appeal.  The issue is the appropriate remedy to address this substantial procedural lapse. Where, as here, the trial court did not obtain the consent of both counsel, defense counsel did not object to incorporation and actually acquiesced to the procedure by commencing his summation, we must address the appropriate remedy.

22

We find the Lockhart reasoning regarding the remedy persuasive due to its similarities to this case. The trial court clearly erred in this case when it admitted the video evidence and testimony of Officer Mueller from the pre-trial suppression hearing, sweeping aside the prosecutor's stated intention to recall the arresting officer and proceeding without defendant's consent. Absent the consent of both counsel, the municipal court should not have incorporated the suppression motion record in the subsequent trial record. Here, the evidence adduced at the suppression hearing was confined to addressing whether probable cause existed. Defense counsel conducted a thorough cross-examination of the arresting officer but it could not be characterized as a free-ranging cross-examination.

Without that evidence, the State could not meet its burden of proof. However, like the Court in Lockhart, we determine that this evidence was sufficient for a finder of fact to determine defendant guilty beyond a reasonable doubt. We are satisfied that the officer's testimony about the odor of alcohol, as well as defendant's performance on the field sobriety tests, are highly relevant and probative of whether defendant operated a motor vehicle under the influence of alcohol. Furthermore, defendant did not object. Rather, he proceeded to fashion his argument on the merits, referring to

23

evidence adduced at the suppression hearing and incorporated into the trial record.  As in Lockhart, the prosecutor could have called the arresting officer as a witness at the trial, and defendant could have cross-examined him regarding defendant's physical characteristics.  The proper procedure in this case is a remand to the municipal court for a trial based on the observational evidence, with defendant being afforded the full opportunity to cross-examine Officer Mueller and test the State's proofs.

We emphasize the importance of distinguishing between those errors that are procedural in nature, and those errors that affect the sufficiency of the evidence.  Many trial errors, even those which affect the legitimacy of the trial itself, so-called structural errors, result in a reversal of the conviction and a remand for a new trial.  The Supreme Court has observed, "[i]t would be a high price indeed for society to pay were every accused granted immunity from punishment because of any defect sufficient to constitute reversible error in the proceedings leading to conviction."  Tateo, supra, 377 U.S. at 466, 84 S. Ct. at 1589, 12 L. Ed. 2d at 451.  The Appellate Division, while correctly noting the fundamental differences between evidence produced at a suppression hearing and evidence produced for trial, mischaracterized this case as a sufficiency of the

24

evidence case that prohibited a remand for what it characterized as supplementation of the record.

The cases cited by the appellate panel in support of its remedy are not procedural error cases, but rather cases involving substantive problems with the State's evidence. In State v. Sparks, 261 N.J. Super. 458, 460 (App. Div. 1993), the Law Division found that a laboratory report was improperly admitted at a municipal court trial. The Appellate Division held that instead of reviewing the record de novo without the inadmissible evidence pursuant to Rule 3:23-8(a), the Law Division erroneously remanded the case for a new trial rather than entering a judgment of acquittal. Ibid. In State v. Hardy, 211 N.J. Super. 630, 633-34 (App. Div. 1986), the Appellate Division held that the Law Division erred in ordering a remand to the municipal court to permit the State to supplement the record to support admission of breathalyzer results where the municipal court erroneously admitted the results over the defendant's objection. The Law Division did not recognize that the State had failed to introduce sufficient evidence to support the conviction and should not have been given a second chance to prove its case. Id. at 633-34. In State v. Musgrave, 171 N.J. Super. 477, 479-80 (App. Div. 1979), the Appellate Division held that the Law Division erroneously permitted the State to supplement the record by presenting

25

expert testimony regarding the scientific reliability of a device calculating the defendant-motorist's speed. Sparks, Hardy, and Musgrave involved substantive issues with the State's evidence, and in each case the Law Division erred in not conducting a de novo review of the municipal record pursuant to Rule 3:23-8(a) and evaluating the sufficiency of the evidence in support of the charges.

This case involves an entirely distinguishable procedural error made by the trial court. Here, the State never had the opportunity to properly present its evidence at trial. This is not a case where the sufficiency of the State's evidence was implicated but, instead, involved a procedural error where defendant was convicted "through a judicial process which [was] defective in some fundamental respect." Burks, supra, 437 U.S. at 15, 98 S. Ct. at 2149, 57 L. Ed. 2d at 12. The municipal court, in its attempt at efficiency, failed to distinguish the limited purpose of the motion to suppress and the trial on the merits of the charge. Notably, the municipal court proceeded in this fashion contrary to the prosecutor's stated intention to produce the arresting officer and the acquiescence of defendant. Under these circumstances, a new trial does not violate defendant's double jeopardy right.

V.

26

In conclusion, we recognize that incorporation of the testimony from a motion to suppress into the trial record may be tempting given the challenging calendars in many municipal courts. See State v. Locurto, 157 N.J. 463, 475 (1999) (noting "extremely voluminous case loads" of municipal courts and court system "that is already overburdened"). However, we have consistently held that "'the interest in judicial economy cannot override a defendant's right to a fair trial.'" State v. Brown, 170 N.J. 138, 160 (2001) (quoting State v. Sanchez, 143 N.J. 273, 282 (1996)). We emphasize the difference between a pre-trial motion to suppress and a trial on the merits, and we reiterate the prior admonition in Allan and instructions to municipal court judges. See Mercer Vicinage Seminar, supra, at 8. The better practice is for the municipal court judge to make findings of fact and conclusions of law on the suppression motion and, when it is denied, to start the trial anew. "This is the judicially recognized best practice, and despite the additional consumption of time, it is the method that best protects the defendant's right to a fair trial." 17 Robert Ramsey, New Jersey Practice, Municipal Court Practice § 18:11 at 652 (3d ed. 2006). On the other hand, if both counsel stipulate that testimony and exhibits from the pre-trial motion may be incorporated into the trial record, and counsel are given wide latitude in cross-examination in connection with the issues

27

raised, the trial judge is permitted to use the pre-trial record.  <u>Allan</u>, <u>supra</u>, 283 <u>N.J. Super.</u> at 630.

Furthermore, the error here was one of process.  As such, as with any other trial error, even one that denied defendant a basic constitutional right, the remedy is a new trial not an acquittal.

## VI.

The judgment of the Appellate Division is reversed and the matter is remanded to the municipal court for proceedings consistent with this opinion.

CHIEF JUSTICE RABNER, JUSTICES LaVECCHIA, ALBIN, PATTERSON, and FERNANDEZ-VINA, and JUDGE RODRÍGUEZ (temporarily assigned) join in JUDGE CUFF's opinion.

28

SUPREME COURT OF NEW JERSEY

NO.    A-11                         SEPTEMBER TERM 2013

ON CERTIFICATION TO     Appellate Division, Superior Court

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

            v.

BRUNO GIBSON,

    Defendant-Respondent.

DECIDED          September 16, 2014
            Chief Justice Rabner              PRESIDING
OPINION BY              Judge Cuff
CONCURRING/DISSENTING OPINIONS BY
DISSENTING OPINION BY

| CHECKLIST | REVERSE AND REMAND | |
|---|---|---|
| CHIEF JUSTICE RABNER | X | |
| JUSTICE LaVECCHIA | X | |
| JUSTICE ALBIN | X | |
| JUSTICE PATTERSON | X | |
| JUSTICE FERNANDEZ-VINA | X | |
| JUDGE RODRÍGUEZ (t/a) | X | |
| JUDGE CUFF (t/a) | X | |
| TOTALS | 7 | |

1