NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-5019-12T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

GREGORY A. MARTINEZ,

     Defendant-Appellant.

_____

APPROVED FOR PUBLICATION

May 15, 2015

APPELLATE DIVISION

Submitted February 23, 2015 – Decided May 15, 2015

Before Judges Lihotz, Espinosa and St. John.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 11-01-0028.

Benedict and Altman, attorneys for appellant (Joseph J. Benedict and Philip Nettl, on the briefs).

John J. Hoffman, Acting Attorney General, attorney for respondent (Daniel I. Bornstein, Deputy Attorney General, of counsel and on the brief).

The opinion of the court was delivered by

LIHOTZ, P.J.A.D.

We again examine the tension between a trial court's discretionary "authority to control its own calendar" by denying an adjournment request and the need to safeguard "a defendant's

Sixth Amendment right to a fair opportunity to secure counsel of his own choice." State v. Miller, 216 N.J. 40, 62, 65 (2013) (citation and internal quotation marks omitted), cert. denied, ___ U.S. ___, 134 S. Ct. 1329, 188 L. Ed. 2d 339 (2014). Defendant Gregory A. Martinez appeals from an order denying a trial adjournment in light of private counsel's scheduling conflict. Defendant argues the denial of the reasonable adjournment request infringed upon his Sixth Amendment right to counsel of his choosing.

Following our review of the facts here presented, and guided by the framework for review set forth in State v. Hayes, 205 N.J. 522 (2011), we conclude the denial of defendant's request to adjourn trial, without weighing the facts presented supporting the adjournment request, reflects an arbitrary exaltation of expedience in case processing at the expense of defendant's right to counsel. Accordingly, we vacate the judgment of conviction and remand the matter for a new trial.

We recite limited facts regarding the circumstances of the alleged criminal offenses, concentrating instead on the facts surrounding defendant's adjournment request. Defendant and his codefendant were charged in a twelve-count indictment returned January 5, 2011, alleging they sold cocaine to an undercover police officer. The two were occupants in a car that was seized

and impounded. A search of the car pursuant to a warrant, conducted approximately one week later, yielded in excess of five grams of cocaine. Codefendant admitted the cocaine was his. Defendant was charged with six drug offenses, including first-degree possession with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and 2C:35-5(b)(1). He pled not guilty, asserting he had no knowledge the drugs were in the car. Ultimately, defendant hired private counsel (the partner) to represent him.

On February 4, 2013, the trial judge held a pretrial conference. An associate employed by the partner's firm attended the conference and expressed his understanding the conference was, in part, to schedule a new trial date because it was believed everyone agreed the February 13, 2013 trial date would be adjourned. The associate explained his position, stating:

> [T]he last time that everybody was here, everybody, at least on the [d]efense side, and . . . I believe from the State side as well, thought that this . . . court date today would be to schedule a new trial date. They believed that the trial date was off because of [the partner]'s trial schedule.
>
> With that belief in mind, then when [the partner]'s other trial in front of Judge Nieves fell through, he scheduled something else for this week, because he believed that this trial was off.
>
> As a result, he's in front of Judge Rebeck on a civil matter that started on

Friday, continued into today and is going to continue into next week, at least Wednesday of this week, and Wednesday, Thursday and Friday of next week, so he's not going to be available to try the case.

I am, this is my first time appearing on the case, and I will be the one trying it if it goes next week.

I've discussed this with my client and I can tell the [c]ourt that he's not happy about it. He wants [the partner] to be his trial lawyer, and I wanted the [c]ourt to be aware of that.

For that reason, we are still asking . . . the . . . trial . . . be adjourned in order for [the partner] to be available. And just to complete the record, as far as the hearing that he's involved with that's in front of Judge Rebeck who is retiring at the end of the month and needs to get this hearing done before he retires.

THE COURT: Okay. And I understand that. Certainly neither I nor my team leader told anyone involved in this case that this case was not going next week. In fact, this case has been on for quite awhile while. It's an older case on my list. I have put the time aside for it. And while I understood [the partner] maybe had another commitment in front of Judge Nieves, once that case did not go forward, as often happens with criminal cases, then he was available for us.

Perhaps [the partner] should have someone else try the case in front of Judge Rebeck. I mean, I don't tell him how to manage his cases.

I will say to [defendant] that [the associate] is a very experienced attorney who works with [the partner], and I know

that he, based on our discussions in my chambers, is familiar with the case. Obviously, he is now going to continue preparing for the trial. But I certainly have confidence that he can handle this case and he understands the defense in this case and is prepared to proceed with it.

But [defendant], if you want to say anything, I'll give you that opportunity now.

DEFENDANT: I'm not in agreement with this. I want [the partner] to be my lawyer.

The judge requested the partner come to the courthouse and instructed the parties to appear before the presiding Criminal Part judge to address the adjournment request. We have no record of that conference, except the associate's recitation on the first day of trial, when he again set forth defendant's objection to proceeding without the partner. He stated:

And after our conference, we went down to [the presiding judge] to explain the situation to him. [He] did not agree that the trial date should be moved. He ordered that the trial continue as scheduled here today, even though [the partner] was not going to be available.

In the meantime, I've had opportunities to consult with my client. While he has been cooperative in preparing for trial with me, it is still his desire to have [the partner] be his trial attorney, and we want to place that on the record.

When asked by the trial judge, the associate admitted "I have had time to prepare the case and I am ready to try the case."

Trial commenced. After two days of deliberations, the jury convicted defendant on all but one charge.

At sentencing, the partner appeared. Expressing his client's anger, he recited the events that led him to believe the initial trial date was adjourned. The partner explained during a January 3, 2013 conference,[1] he advised the court of a trial conflict, as he was given a firm date to commence an aggravated sexual assault trial before another Criminal Part judge the week before the scheduled date for trial in this matter. As he would be on his feet in that priority matter, a new trial date was requested. Counsel were advised to return on February 4 for a pretrial conference. Based on unforeseen events, trial of the priority case was adjourned on January 18. The partner called the prosecutor to discuss scheduling in this case and the prosecutor stated he understood a new date would be given and he already cancelled his witnesses. The partner was then scheduled to commence a civil matter, which began prior to February 4 and was to continue the week of February 11, 2013.

Rejecting counsel's request for a new trial, the trial judge recalled the prosecutor cancelled his witness, but stated "[t]here was never an official adjournment" of the trial date

---

[1]    These events apparently were not recorded; however, the State does not dispute their accuracy.

and the presiding judge considered and denied the request. The judge also observed the associate "put forth a defense in a vigorous way," represented defendant "very well," and she was satisfied defendant received a fair trial. The trial judge sentenced defendant and this appeal ensued.

Defendant's argument is straightforward. He asserts the denial of his adjournment request was an abuse of discretion that "denied his Sixth Amendment right to counsel of his choosing." The State counters, arguing the contention must be rejected because defendant has not demonstrated such an alleged abuse of discretion caused him to suffer a "manifest wrong or injury." See Hayes, supra, 205 N.J. at 537.

Although the denial of an adjournment request is reviewed under a deferential standard and "'broad discretion must be granted trial courts on matters of continuances,'" Miller, supra, 216 N.J. at 65 (quoting Morris v. Slappy, 461 U.S. 1, 11, 103 S. Ct. 1610, 1616, 75 L. Ed. 2d 610, 620 (1983)), "'an unreasoning and arbitrary "insistence upon expeditiousness in the face of a justifiable request for delay" violates the right to the assistance of counsel.'" Ibid. (quoting Morris, supra, 461 U.S. at 11-12, 103 S. Ct. at 1616, 75 L. Ed. 2d at 620).

In light of United State Supreme Court jurisprudence solidifying the principle that a non-indigent defendant's Sixth

Amendment right to counsel encompasses the right to be represented by the counsel of his choosing, United States v. Gonzalez-Lopez, 548 U.S. 140, 144, 126 S. Ct. 2557, 2561, 165 L. Ed. 2d 409, 416 (2006), our Supreme Court has underscored "'the trial court must strike a balance between its inherent and necessary right to control its own calendar and the public's interest in the orderly administration of justice, on the one hand, and the defendant's constitutional right to obtain counsel of his own choice, on the other.'"[2] Hayes, supra, 205 N.J. at 538 (quoting State v. Furguson, 198 N.J. Super. 395, 402 (App. Div.), certif. denied, 101 N.J. 266 (1985)). The principles guiding this inquiry include:

> the length of the requested delay; whether other continuances have been requested and granted; the balanced convenience or inconvenience to the litigants, witnesses, counsel, and the court; whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; whether the defendant has other competent counsel prepared to try the case, including the

---

[2] We note a "defendant's Sixth Amendment right to counsel of his or her choice, however, 'does not extend to defendants who require counsel to be appointed for them.'" Miller, supra, 216 N.J. at 62 (quoting Gonzalez-Lopez, supra, 548 U.S. at 151, 126 S. Ct. at 2565, 165 L. Ed. 2d at 421). Where a defendant obtains assigned counsel, the defendant's "right to be represented d[oes] not entail the right to a public defender of his [or her] choice." Id. at 63.

> consideration of whether the other counsel was retained as lead or associate counsel; whether denying the continuance will result in identifiable prejudice to defendant's case, and if so, whether this prejudice is of a material or substantial nature; the complexity of the case; and other relevant factors which may appear in the context of any particular case.
>
> [Ibid. (quoting Furguson, supra, 198 N.J. Super. at 402 (quoting United States v. Burton, 584 F.2d 485, 490-91 (D.C. Cir. 1978), cert. denied, 439 U.S. 1069, 99 S. Ct. 837, 59 L. Ed. 2d 34 (1979))).]

See also Miller, supra, 216 N.J. at 47-48 (adopting the standards recited in Hayes).

Before determining whether to grant or deny a trial adjournment because of counsel's unavailability, a trial judge shall engage in "'a balancing process informed by an intensely fact-sensitive inquiry.'" Miller, supra, 216 N.J. at 66 (quoting Hayes, supra, 205 N.J. at 538). "If a trial court conducts a reasoned, thoughtful analysis of the appropriate factors, it can exercise its authority to deny a request for an adjournment to obtain counsel of choice." State v. Kates, 216 N.J. 393, 396-97 (2014). However, the absence of this analysis results in a one-sided and, consequently, arbitrary determination. See ibid.

In discussing this matter, the trial judge noted the age of the case and suggested counsel should have known better because

"an official adjournment" had not been issued. The import of such comments is a denial of the request. However, the trial judge referred the adjournment request to the presiding judge for consideration. See R. 1:33-6(b) (providing the presiding judge of a unit "shall be responsible for the expeditious processing to disposition of all matters filed within that unit"). The lack of a record from this review precludes our assessment of what occurred. However, the State's argument does not support a conclusion the presiding judge undertook the necessary weighing of the relevant facts. Moreover, the reasons recited by the State on appeal, as support for what it believes was a reasoned exercise of discretion for the trial proceeding, address only calendar considerations, omitting any analysis of the Furguson factors, as mandated by Hayes.[3] We may not speculate on possible reasons justifying the denial of the adjournment request; "[i]t was incumbent upon the trial court to

---

[3] The State lists the following as considerations as enumeration by the trial judge in declining to adjourn the trial: the age of the case; the trial had been listed for a significant period of time; the trial was to commence in a little more than a week and the judge had allowed two weeks for its completion; the presiding judge rejected the adjournment request; the associate worked in the same firm as the partner and was an experienced defense attorney; the associate was familiar with defendant's case; and the associate was prepared to proceed to trial.

develop that record . . . ." State v. Kates, 426 N.J. Super. 32, 53 (2012), aff'd, 216 N.J. 393 (2014).

In the absence of the necessary factual analysis prior to the denial of an adjournment request to reschedule trial because of counsel's unavailability, an abuse of discretion results. In this matter, we conclude both reviewing judges failed to deliberately balance the competing interests and give weight to defendant's right to be represented by counsel of his choice. See Kates, supra, 216 N.J. at 397 ("Thus, we underscore that only if a trial court summarily denies an adjournment to retain private counsel without considering the relevant factors, or abuses its discretion in the way it analyzes those factors, can a deprivation of the right to choice of counsel be found.").

When the right to counsel is wrongfully denied, it is not necessary to inquire as to effectiveness of counsel or whether defendant suffered actual prejudice in the ensuing proceedings. "Deprivation of the right is 'complete' when the defendant is erroneously prevented from being represented by the lawyer he wants, regardless of the quality of the representation he received." Gonzalez-Lopez, supra, 548 U.S. at 148, 126 S. Ct. at 2563, 165 L. Ed. 2d at 419. See also Kates, supra, 426 N.J. Super. at 46 (acknowledging "the availability of 'other competent counsel'" is a factor in the analysis, but is "no

substitute by itself for the constitutional right to choose counsel"). Accordingly, such "a structural error affects the legitimacy of the entire trial . . . ."[4] State v. Purnell, 161 N.J. 44, 61 (1999).

We conclude the appropriate remedy on the record before us requires that we reverse defendant's conviction and remand this matter for a new trial. See State v. Gibson, 219 N.J. 227, 241-42 (2014); see also Kates, supra, 216 N.J. at 397 ("[T]here may have been reason to deny defendant's request for a continuance based on the [Furguson] factors. But no analysis was conducted. . . . [Thus], the summary denial of defendant's request, with no consideration of the governing standard, amounts to error and requires a new trial." (citation omitted)).

Reversed and remanded for a new trial.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4] "Deprivation of counsel of choice is considered a 'structural error,'" because "the consequences of deprivation are 'necessarily unquantifiable and indeterminate.'" Kates, supra, 426 N.J. Super. at 44 (quoting Gonzalez-Lopez, supra, 548 U.S. at 150, 126 S. Ct. at 2564, 165 L. Ed. 2d at 420).