**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0936-16T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

BRIAN NIZIOLEK,

     Defendant-Appellant.

_____

Submitted September 12, 2018 – Decided September 17, 2018

Before Judges Haas and Sumners.

On appeal from Superior Court of New Jersey, Law Division, Somerset County, Indictment No. 15-02-0110.

Joseph E. Krakora, Public Defender, attorney for appellant (Stephen W. Kirsch, Assistant Deputy Public Defender, of counsel and on the brief).

Michael H. Robertson, Somerset County Prosecutor, attorney for respondent (Paul H. Heinzel, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

On appeal from his conviction for two gun possession offenses, defendant argues that the motion judge mistakenly denied his pretrial motion to dismiss his privately-retained attorney so he could again be represented by a public defender. For the reasons that follow, we reverse and remand for a new trial.

In the early morning of March 8, 2014, defendant and two other individuals were in a car that was involved in an accident. Defendant suffered a cut lip in the crash. A number of police officers responded to the scene. During the course of their investigation, the officers found a handgun on the ground near the vehicle. Subsequent forensic testing revealed that defendant's DNA was present on the weapon.

On February 26, 2015, a Somerset County grand jury returned a two-count indictment charging defendant with second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b) (count one); and second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b).[1] Defendant was initially represented by a public defender. At some point, however, defendant's family retained a private attorney to represent him in place of the public defender. This attorney filed an unsuccessful motion to preclude the introduction of DNA evidence at

---

[1] Defendant was arrested for these offenses on February 5, 2015, and was detained throughout the entire pretrial proceedings.

A-0936-16T2

trial. Defendant asserted that he also asked the attorney to file a motion for a reduction of his bail, but the attorney failed to do so.

On April 8, 2016, the parties appeared before the motion judge for the pretrial conference required by Rule 3:9-1(f). At the conference, defendant told the judge that he was extremely dissatisfied with his attorney's performance. In addition to failing to file a bail motion, defendant asserted the attorney had not met with him for months, and did not explain what would happen at the conference. Defendant also argued that his parents hired the attorney without his permission.

The attorney contradicted defendant's account, and stated that he had consulted with defendant on several occasions prior to the conference. However, because it was clear that he and defendant did not agree on how the matter should proceed, the attorney asked to be excused from the case.

In response, the motion judge advised defendant that he could "replace[]" or "relieve[]" his attorney and retain a new attorney or obtain a public defender, but the judge was not going to consider the issue that day. Instead, the judge instructed the attorney to file a motion to be excused, and set May 23, 2016, forty-five days later, as the return date for that motion. In addition, the judge set June 6, 2016 as the trial date.

3

At oral argument on May 23, 2016, defendant told the motion judge that he still wanted to fire his attorney. Defendant again asserted that he never agreed to have the attorney represent him; the attorney failed to seek a reduction of his bail; and the attorney was not meeting with him to prepare his case. Defendant's attorney agreed that he and defendant were "in a hostile situation" due to defendant's allegations of misconduct against him. Because the case was not complex, the attorney stated that only a brief adjournment was needed because a public defender could assume responsibility for the case and likely be ready for trial within a month. The State did not directly oppose defendant's motion, stating only that it would be ready to proceed at trial.

The judge denied the motion and ordered the attorney to represent defendant at the trial over defendant's objection. In doing so, the judge incorrectly stated that "this is the first time in the last eight or nine months" that defendant had "expressed these concerns" about the attorney's performance. Overlooking the fact that defendant had asked for the right to obtain a new attorney at the pretrial conference, before a trial date had even been set, the judge observed that defendant's arguments "would have [had] greater resonance with the [c]ourt had they been earlier made." Thus, because the trial date was scheduled for June 6, 2016, the judge ruled it was now too late for defendant to

retain new counsel or secure a public defender. The judge concluded his brief oral decision by declaring that defendant's "real motivation" in "articulating his dissatisfaction with" his attorney was "to delay a resolution of this matter."

At the conclusion of oral argument, defendant's attorney and the State agreed to begin the trial on May 24, 2016 to accommodate the prosecutor's need to attend a training program. On that date, the motion judge announced that he was no longer able to preside over the case because of other work commitments, and the matter was transferred to another judge who conducted the trial.

At the conclusion of the trial, the jury convicted defendant for second-degree unlawful possession of a weapon (count one). Defendant then waived his right to have a jury consider the second-degree certain persons charge (count two). Following a bench trial, the trial judge convicted defendant on count two. The judge subsequently sentenced defendant to an extended fifteen-year term in prison, with a seven and one-half year period of parole ineligibility, on count one; and to a concurrent ten-year term, with a five-year period of parole ineligibility, on count two. This appeal followed.

On appeal, defendant raises the following contentions:

POINT I

THE JUDGE INAPPROPRIATELY DENIED DEFENDANT'S PRETRIAL MOTION TO DISMISS

5

HIS ATTORNEY, WHICH WAS JOINED IN BY THAT ATTORNEY; THE JUDGE DID NOT PROPERLY BALANCE THE RELEVANT FACTORS FROM THE CASE LAW, INSTEAD SUMMARILY DENYING THE MOTION FOR GENERIC REASONS OF AVOIDING DELAY WITHOUT SPECIFICALLY STATING WHY A BRIEF DELAY WOULD HARM EITHER PARTY.

POINT II

THE SENTENCE IMPOSED IS MANIFESTLY EXCESSIVE.

We limit our discussion to the first argument raised by defendant.

The Constitutions of the United States and New Jersey both guarantee an accused the right to have the assistance of counsel. U.S. Const. amend VI; N.J. Const. art. I, ¶ 10. An essential element of this constitutional guarantee is the right of a defendant to secure counsel of his or her choice. State v. Furguson, 198 N.J. Super. 395, 401 (App. Div. 1985) (citing Chandler v. Fretag, 348 U.S. 3 (1954)). However, this right is not absolute and must be balanced against the demands of the court's calendar.[2] State v. Kates, 216 N.J. 393, 396 (2014).

---

[2] We note that a defendant's constitutional "right to counsel of his or her choice . . . 'does not extend to defendants who require counsel to be appointed for them.'" State v. Miller, 216 N.J. 40, 62 (2013) (quoting United States v. Gonzalez-Lopez, 548 U.S. 140, 151 (2006)). Accordingly, where a defendant obtains assigned counsel, the defendant's "right to be represented d[oes] not entail the right to a public defender of his [or her] choice." Id. at 63.

A-0936-16T2

Our Supreme Court has consistently held that when a defendant requests an adjournment in order to retain a new attorney, the trial judge must consider the following factors:

> the length of the requested delay; whether other continuances have been requested and granted; the balanced convenience or inconvenience to the litigants, witnesses, counsel, and the court; whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; whether the defendant has other competent counsel prepared to try the case, including the consideration of whether the other counsel was retained as lead or associate counsel; whether denying the continuance will result in identifiable prejudice to defendant's case, and if so, whether this prejudice is of a material or substantial nature; the complexity of the case; and other relevant factors which may appear in the context of any particular case.
>
> [Id. at 396 (quoting Furguson, 198 N.J. Super. at 402).]

"Trial judges retain considerable latitude in balancing the appropriate factors." Id. at 397 (citing State v. Hayes, 205 N.J. 522, 537-39 (2011)). "If a trial court conducts a reasoned, thoughtful analysis of the appropriate factors, it can exercise its authority to deny a request for an adjournment to obtain counsel of choice." Id. at 396-97. However, if the judge "summarily denies" the request "without considering the relevant factors, or abuses [his or her] discretion in

[their] analysis of those factors," the result is a structural error which mandates a new trial because of the "deprivation of [the defendant's] right to choice of counsel[.]" Id. at 397.

Applying these principles, we are constrained to conclude that the motion judge mistakenly failed to consider the Kates factors in any meaningful way. Defendant and his retained attorney were not requesting a lengthy delay to enable defendant to secure new counsel; the case was not complex; the State did not assert that it would be prejudiced if an adjournment were granted; defendant did not allege any prejudice of his own; both defendant and his attorney agreed that the attorney should no longer represent him because of defendant's allegations against the attorney; no prior adjournments of the trial had been sought by either party; and the public defender's office would have been available to take back the case because defendant was qualified for such representation. However, the judge did not address these facts in his brief oral decision and, as a result, mistakenly exercised his discretion in denying defendant's motion.

We also cannot find support in the record for the judge's finding that defendant's request to secure a new attorney was purposely dilatory. Defendant sought new counsel at the April 8, 2016 pretrial conference, which was before a

trial date had even been set. Rather than dealing with that request as part of the conference, the judge set a return date for the motion that was forty-five days later, and only two weeks before the June 6, 2016 trial date he scheduled at the end of that proceeding. On the return date, the judge mistakenly stated that defendant was raising his dissatisfaction with his attorney for the first time, and incorrectly based his decision to deny the request on his determination that defendant should have made his request earlier so that the trial could proceed as scheduled.

Because the judge failed to engage in the required balancing process mandated by <u>Kates</u>, a new trial is required.[3] Therefore, we reverse defendant's convictions and remand for a new trial. Based on our conclusion that a new trial must be conducted, we decline to consider defendant's challenge under Point II to the sentence the trial court imposed.

---

[3] In so ruling, we reject the State's argument that <u>Kates</u> is distinguishable from this matter because, in <u>Kates</u>, the defendant was represented by a public defender and sought to replace that attorney with private counsel of his choice. 216 N.J. at 396. Here, on the other hand, defendant had a retained attorney and sought to replace that attorney with a public defender. We discern no principled basis for declining to apply <u>Kates</u> here. Defendant had the option of retaining a new attorney, or having a public defender re-assigned to his case. As noted above, if defendant applied for a public defender, he would have had to accept the attorney assigned to him. Yet, he still had a constitutional right to choose whether to retain a private counsel or secure a public defender which the judge was required to protect by considering the <u>Kates</u> factors.

9

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION