**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1555-20

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

WILLIAM L. DUNBAR,

    Defendant-Appellant.

_____

Submitted September 14, 2022 – Decided September 19, 2022

Before Judges Haas and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 19-04-0488.

Joseph E. Krakora, Public Defender, attorney for appellant (Ruth E. Hunter, Designated Counsel, on the brief).

LaChia L. Bradshaw, Burlington County Prosecutor, attorney for respondent (Jennifer Paszkiewicz, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant William L. Dunbar appeals from the Law Division's November 17, 2020 order denying his motion for a reduction of the ten-year prison sentence the court previously imposed on him for first-degree aggravated manslaughter. We affirm.

On August 18, 2018, defendant attended a concert with his mother. While there, he consumed a number of alcoholic beverages. Defendant's mother drove him to her home after the concert. Later that evening, defendant left his mother's home in his own car. He could feel the effects of the alcohol, but drove anyway. Because he was impaired and driving at a high rate of speed, defendant failed to negotiate a curve and struck the victim's car from behind. The victim's car hit a utility pole. The victim was pronounced dead at the scene.

A blood sample was taken approximately four hours later. It revealed that defendant had a .118% blood alcohol reading at that time. Information recovered from the electronic data recorder in defendant's car showed he was traveling over 100 miles per hour during the five seconds immediately prior to the collision. On April 16, 2019, a Burlington County grand jury charged defendant in a two-count indictment with first-degree aggravated manslaughter and second-degree vehicular homicide.

A-1555-20

On January 6, 2020, the trial judge conferenced the case in chambers with defendant's attorney and the Assistant Prosecutor.[1] During the conversation, the attorneys stated that a sentence of eight or nine years "would be acceptable." However, the attorneys did not reach a final agreement. Instead, the State stated it would continue to seek a sentence of ten years if defendant pled guilty to first-degree manslaughter. In addition, the judge made no representations as to the maximum length of the sentence he would impose if defendant pled guilty. See R. 3:9-3(c).

On January 22, 2020, defendant entered an "open plea"[2] to first-degree aggravated manslaughter. The State represented that in return for the plea, it would recommend the court impose a ten-year sentence, which was the minimum for this offense.[3] See N.J.S.A. 2C:11-4(c). On the other hand, defendant's attorney planned to argue that the judge should sentence defendant

---

[1] There is no verbatim record of this conference.

[2] "An 'open plea' [is] one that d[oes] not include a recommendation from the State, nor a prior indication from the court, regarding sentence." State v. Ashley, 443 N.J. Super. 10, 22 (App. Div. 2015) (alterations in original) (emphasis omitted) (quoting State v. Kates, 426 N.J. Super. 32, 42 n.4 (App. Div. 2012), aff'd, 216 N.J. 393 (2014)).

[3] The State agreed to dismiss the other count of the complaint, and defendant agreed to plead guilty to driving while intoxicated at the time of sentencing.

"to a term appropriate to a crime of one degree lower than that of the crime for which defendant was convicted" as permitted under N.J.S.A. 2C:44-1(f)(2).

Defendant signed the written plea agreement which confirmed the nature of the open plea. During the plea colloquy, defendant told the judge he understood that the State would request a ten-year sentence and his own attorney would ask for a sentence in the five- to ten-year range for second-degree offenses. Defendant also confirmed that no one had promised him anything that was not set forth in the plea agreement.

Following the plea hearing, defendant met with a probation officer and completed the presentence report. Defendant told the officer that as he was driving home from his mother's house, he rolled down the windows of his car "and began playing music at a loud volume." He stated he was "urged on by the music and wind" and "made the decision to accelerate on the road." Defendant stated that the end of a seven-year relationship one month previously "cause[d] [him] to no longer want to live." Defendant stated "that was on my mind when I decided to accelerate. I wanted to die though, not anyone else . . . . I would never intentionally put someone else's life in danger."

On July 16, 2020, the judge conducted a sentencing hearing. As set forth in the plea agreement, the State argued for the imposition of a ten-year term for

first-degree aggravated manslaughter, while defendant's attorney asked the judge to sentence defendant to five years in prison. After considering counsel's arguments, the judge found aggravating factors one, three, and nine, and mitigating factors six, seven, eight, and nine. See N.J.S.A. 2C44-1(a) and (b). After weighing each factor, the judge concluded they were in equipoise. Therefore, the judge denied defendant's request that he be sentenced as if this were a second-degree offense under N.J.S.A. 2C:44-1(f)(2).[4] Accordingly, the judge imposed the minimum sentence of ten years in prison for this first-degree offense, subject to an eighty-five percent period of parole ineligibility under the No Early Release Act, N.J.S.A. 2C:43-7.2, and five years of parole supervision upon release.

Defendant thereafter filed a motion for reconsideration and reduction of his sentence pursuant to Rule 3:21-10. Defendant alleged he thought he would be sentenced to less than a ten-year term at the time he pled guilty. However, defendant admitted at the October 15, 2020 motion hearing that his attorneys told him there was a "best case" and "worst case scenario." Under the best case

---

[4] In order to downgrade an offense for purposes of sentencing under N.J.S.A. 44-1(f)(2), the judge "must be 'clearly convinced' that the mitigating factors 'substantially' outweigh the aggravating ones, and second, the court must find that the 'interest of justice' demands that the sentence be downgraded." State v. Megargel, 143 N.J. 484, 504-05 (1996).

scenario, the judge could sentence defendant to five years in prison. Under the worst case scenario, the judge could impose a ten-year term. He also agreed with the Assistant Prosecutor that entering the plea agreement "was a pretty calculated move on [defendant's] part" because the State agreed to cap defendant's sentencing exposure at ten years.

Because defendant was aware of the terms of his open plea and range of sentences he could expect, the judge denied defendant's motion for a reduction of his sentence. In his thorough written opinion, the judge also reviewed the findings he previously made concerning the aggravating and mitigating factors, and found no basis for disturbing them. This appeal followed.

On appeal, defendant raises the following contentions:

> POINT I
>
> THE PLEA BARGAIN "FAILED ONE OF ITS ESSENTIAL PURPOSES, FAIRNESS," STATE v. MARZOLF, 79 N.J. 167, 183 (1979), BECAUSE DEFENDANT'S REASONABLE EXPECTATIONS UNDER THE PLEA DEAL WERE THAT HE WOULD BE SENTENCED TO LESS THAN [TEN] YEARS. THEREFORE, A REMAND PURSUANT TO STATE v. KOVACK, 91 N.J. 476 (1982), IS ESSENTIAL.
>
> POINT II
>
> THIS COURT SHOULD REMAND FOR RESENTENCING BECAUSE: (1) THE COURT'S

FINDING OF AGGRAVATING FACTOR ONE WAS DOUBLE COUNTING; (2) THE COURT IMPROPERLY USED DEFENDANT'S STATEMENTS IN THE [PRESENTENCE] REPORT AGAINST HIM; AND (3) THE COURT'S FINDINGS OF AGGRAVATING AND MITIGATING FACTORS WERE NOT BASED ON COMPETENT, REASONABLY CREDIBLE EVIDENCE IN THE RECORD.

A. The Finding of Aggravating Factor One Constituted Impermissible Double Counting

B. The Trial Court's Use of Defendant's Statements in the [Presentence] Report to Punish Defendant More Severely Was Unfair and Improper

C. The Trial Court's Findings of Aggravating and Mitigating Factors Were Not "Grounded in Competent, Reasonably Credible Evidence."

POINT III

THE RESENTENCING SHOULD APPLY THE YOUTH MITIGATING FACTOR, "THE DEFENDANT WAS UNDER 26 AT THE TIME OF THE COMMISSION OF THE OFFENSE," N.J.S.A. 2C:44-l(b)(14), AND CONSIDER DEFENDANT'S REHABILITATIVE EFFORTS PURSUANT TO STATE v. RANDOLPH, 210 N.J. 330 (2012).

We find insufficient merit in these contentions to warrant extended discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons expressed by the trial judge at the time of sentencing and in his written

A-1555-20

decision denying defendant's motion for a reduced sentence. We add the following brief comments.

Contrary to defendant's arguments in Point I, the record reveals that the terms of his open plea were placed on the record in clear terms that defendant testified he understood. The judge made no promises to defendant, defense counsel, or the State that he would impose a specific sentence under Rule 3:9-3(c). Defendant was fully aware that although his attorney planned to argue for a lesser sentence, the judge could impose the minimum ten-year term for first-degree aggravated manslaughter. Thus, we discern no basis for disturbing defendant's guilty plea or his sentence.

Although defendant now asserts that his attorney advised him it was likely he would receive less than ten years, that is an issue that is germane only to the effectiveness of that attorney during the plea negotiations. That issue is best examined and resolved at the post-conviction relief stage. State v. Rambo, 401 N.J. Super. 506, 525 (App. Div. 2008) (citing State v. Preciose, 129 N.J. 451, 460 (1992)).

Defendant's challenge in Point II to the judge's sentencing determination is equally unavailing. Trial judges have broad sentencing discretion as long as the sentence is based on competent credible evidence and fits within the

statutory framework. State v. Dalziel, 182 N.J. 494, 500 (2005). Judges must identify and consider "any relevant aggravating and mitigating factors" that "are called to the court's attention[,]" and "explain how they arrived at a particular sentence." State v. Case, 220 N.J. 49, 64-65 (2014) (quoting State v. Blackmon, 202 N.J. 283, 297 (2010)). "Appellate review of sentencing is deferential," and we therefore avoid substituting our judgment for the judgment of the trial court. Id. at 65; State v. O'Donnell, 117 N.J. 210, 215 (1989); State v. Roth, 95 N.J. 334, 365 (1984).

We are satisfied the judge made findings of fact concerning aggravating and mitigating factors that were based on competent and reasonably credible evidence in the record, properly considered all of the information set forth in defendant's presentence report, and applied the correct sentencing guidelines enunciated in the Code, including the imposition of a ten-year term for this first-degree offense. Accordingly, there is no reason for us to second-guess the sentence.

Finally, defendant argues in Point III that if the matter is remanded for resentencing, the trial court should apply mitigating factor fourteen, N.J.S.A. 2C:44-1(b)(14), which was not in effect at the time defendant was originally sentenced. See State v. Randolph, 210 N.J. 330, 354 (2012) (stating that a

resentencing judge "should view [the] defendant as he stands before the court on that day"). However, we have upheld defendant's sentence and, therefore, there will be no remand.[5]

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[5] We also note that the Supreme Court recently held that the new mitigating factor fourteen has only prospective application in cases not involving a resentencing. State v. Lane, 251 N.J. 84, 87-88 (2022).

A-1555-20