**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2526-21

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MICHAEL A. SEWARD, a/k/a
MICHAEL A. SEWARD, JR.,

    Defendant-Appellant.

_____

Submitted May 14, 2024 – Decided May 21, 2024

Before Judges Gooden Brown and Haas.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment Nos. 17-04-0512 and 16-03-0505.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Suzannah Brown, Designated Counsel, on the brief).

Raymond S. Santiago, Monmouth County Prosecutor, attorney for respondent (Monica do Outeiro, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Michael A. Seward appeals from the Law Division's order denying his petition for post-conviction relief following an evidentiary hearing. We affirm.

Defendant entered an "open plea"[1] of guilty to two counts of first-degree attempted murder and other charges. The trial court sentenced defendant to an aggregate fifteen-year term in prison subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. Defendant appealed his sentence. We heard the appeal on our Excessive Sentence Oral Argument calendar pursuant to Rule 2:9-11, and affirmed defendant's sentence. State v. Seward, No. A-3177-18 (Jan. 8, 2020), certif. denied, 244 N.J. 177 (2020).

Defendant filed a timely petition for PCR. Defendant asserted that his trial attorney provided him with ineffective assistance during the plea proceedings because he "failed to investigate, confer, and provide accurate advice to defendant and otherwise take necessary steps to make an informed decision to forego a favorable plea before plea offer cut-off and instead chose

---

[1] "An 'open plea' [is] one that d[oes] not include a recommendation from the State, nor a prior indication from the court, regarding sentence." State v. Ashley, 443 N.J. Super. 10, 22 (App. Div. 2015) (alterations in original) (emphasis omitted) (quoting State v. Kates, 426 N.J. Super. 32, 42 n.4 (App. Div. 2012) aff'd, 216 N.J. 393 (2014)).

to sign a trial memorandum." Defendant also alleged that his attorney "incorrectly advised [him] about the willingness of the victim to testify at trial." Following oral argument, the trial court denied defendant's petition without an evidentiary hearing.

Defendant appealed this decision and filed a motion for a temporary remand. He asserted that the trial court rendered its decision on his petition without fully addressing the two issues noted above. We granted defendant's motion and remanded the matter for further consideration by the court. We retained jurisdiction.

On remand, the trial court decided to conduct an evidentiary hearing.[2] Defendant testified on his own behalf. As to his claim that his attorney did not properly investigate his case or provide him with accurate advice, defendant alleged the attorney failed to give him access to a surveillance video of the shooting of the two victims. However, he admitted several times during his testimony that the attorney showed him this video. Initially, the attorney told defendant that his face was not recognizable on the video and the State therefore "couldn't prove it was me." The attorney also advised him that one of the victims

---

[2] The court's scheduling order specifically advised defendant that he could "present witnesses at this hearing including [himself] and plea counsel."

"would never come to court to testify" against him. Defendant asserted the State had put a plea offer of ten years "on the table," but he rejected it based on his attorney's representations.

As the trial date approached, the State provided defense counsel with an enhanced version of the surveillance video that showed defendant's face. Defendant alleged that his attorney then told him that if defendant agreed to plead guilty, he would still receive a ten-year sentence. At the same time, however, defendant was unclear as to whether a ten-year plea agreement was ever offered by the State. He stated, "I assumed that is what he said." Defendant was also not sure whether the State had actually offered a fourteen-year sentence, and admitted that his attorney's representations that the victims would not cooperate were proven correct.

The State called defendant's attorney as a witness at the evidentiary hearing. The attorney maintained that he provided defendant with a copy of the video and watched it with him at the jail. Defendant's face was not clearly visible in the video. He advised defendant that, as a result, the jury would determine whether defendant was the shooter if the State played the video at trial. Defense counsel informed defendant that the State could not call a police officer to identify him in the video and would likely have to rely upon the

4

testimony of the victims to do so. However, the attorney spoke to the victims' attorneys and learned that they would not be cooperating with the prosecution. Defense counsel also told defendant that the State could nevertheless subpoena the victims to testify at trial.

Defendant's attorney testified that the State never offered a ten-year sentence as part of a plea agreement. Instead, the offer was for a fourteen-year term.

Having had the opportunity to see and hear the two witnesses as they testified, the trial court found that defendant's testimony was not credible and provided "no support to any of the claims" he made concerning his attorney's representation of him. On the other hand, and based on defense counsel's credible testimony, the court concluded that defense counsel "did extensive work on this case and provided defendant with sound legal advice throughout his representation."

Contrary to defendant's contentions, the court found that he was given access to the video and was never offered a ten-year plea agreement. The court determined that defendant's attorney accurately advised defendant that the victims would not willingly testify if there was a trial, but could be subpoenaed by the State. The court further found that

[a]fter viewing the unenhanced video, [the attorney] gave defendant sound legal advice that he was not readily identifiable as the shooter. When the video was enhanced and it became apparent defendant was clearly recognizable, [the attorney] negotiated an open-ended [plea] on the date the case was set for trial. Defendant's sentence of fifteen years was only one year longer than the prior fourteen-year plea agreement that had been offered.

As a result, the trial court ruled that defendant did not satisfy the two-prong test of Strickland v. Washington, 466 U.S. 668, 687 (1984), which requires a showing that trial counsel's performance was deficient and that, but for the deficient performance, the result would have been different. This appeal followed.

On appeal, defendant raises the same arguments he unsuccessfully raised to the Law Division. Defendant asserts:

POINT I

THE PCR COURT ERRED IN DENYING [DEFENDANT'S] CLAIM THAT PLEA COUNSEL MISLED HIM REGARDING THE PENAL CONSEQUENCES OF HIS GUILTY PLEA.

POINT II

THE PCR COURT ERRED IN DENYING [DEFENDANT'S] CLAIM THAT PLEA COUNSEL WAS INEFFECTIVE BECAUSE THE INACCURATE ADVICE HE PROVIDED TO HIM CAUSED HIM TO

6

FOREGO A FAVORABLE PLEA OFFER BEFORE
PLEA CUT-OFF.

When petitioning for PCR, the defendant must establish, by a preponderance of the credible evidence, that he is entitled to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013); State v. Preciose, 129 N.J. 451, 459 (1992). To sustain that burden, the defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

To establish a prima facie claim of ineffective assistance of counsel, the defendant is obligated to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial. Strickland, 466 U.S. at 687; State v. Fritz, 105 N.J. 42, 58 (1987). Under the first prong of this test, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Under the second prong, the defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Ibid. That is, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

7

There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. Because prejudice is not presumed, Fritz, 105 N.J. at 52, a defendant must demonstrate with "reasonable probability" that the result would have been different had he received proper advice from his trial attorney. Strickland, 466 U.S. at 694.

Moreover, the acts or omissions of counsel of which a defendant complains must amount to more than mere tactical strategy. Id. at 689. As the Supreme Court observed in Strickland,

> [a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."
>
> [Ibid. (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).]

Where, as here, the trial court conducts an evidentiary hearing, we must uphold the court's factual findings, "so long as those findings are supported by

8

sufficient credible evidence in the record." State v. Rockford, 213 N.J. 424, 440 (2013) (quoting State v. Robinson, 200 N.J. 1, 15 (2009)). Additionally, we defer to a trial court's findings that are "substantially influenced by [its] opportunity to hear and see the witnesses and to have the 'feel' of the case, which a reviewing court cannot enjoy." Ibid. (quoting Robinson, 200 N.J. at 15).

Having considered defendant's present contentions in light of the record and these well-established principles, we discern no basis for disturbing the trial court's well-reasoned determination that defendant failed to satisfy the Strickland test with regard to any of his contentions. Accordingly, we affirm the court's denial of defendant's PCR petition substantially for the reasons detailed at length in its comprehensive written opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9                                                                    A-2526-21